361 So.2d 849 (1978)
STATE of Louisiana
v.
Donald W. WAGSTER.
No. 61302.
Supreme Court of Louisiana.
June 19, 1978.
Rehearing Denied August 31, 1978.
*851 R. Judge Eames, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Anthony J. Marabella, Jr., Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
SUMMERS, Justice.
Donald W. Wagster was charged by bill of information on November 26, 1975 with receiving stolen things (radio equipment valued at more than $100 but less than $500) on October 25, 1975, the property of East Baton Rouge Parish School Board. On the same day he was charged in another bill with receiving stolen things (a Channel Master stereo valued at more than $100 but less than $500) on October 25, 1975, the property of Robert Lejeune. Both bills alleged a violation of La.Rev.Stat. 14:69. He was found guilty by a jury of six and sentenced to serve two years imprisonment and to pay a fine of $2,000 on each count, the sentences to run consecutively. Both sentences were suspended on the condition the defendant serve 5 months and 25 days in the parish prison on each count, these sentences to run consecutively and that defendant pay the costs of court and remain on active probation for five years. A later amendment of the sentence eliminated the five-year probation.
Assignments of error relied upon are considered in the order presented in the defense brief.
Assignments 3 and 3A: Prior to trial on June 6, 1977, the State moved for a joinder of the two offenses and the motion was granted by an ex parte order of the trial judge. On June 8, 1977 when the two charges were fixed for trial, before the trial commenced, the trial judge heard a number of defense motions and then called the State's motion for joinder to be heard, vacating his June 6, 1977 order of joinder. At that time defense counsel announced the filing of a motion to compel election and moved that it be heard contemporaneously with the State's motion for joinder. In his motion defendant alleged that he could not properly prepare his defense because the two charges set for trial that date could not be consolidated. He objected to consolidation and alleged that an order should be issued compelling the State to elect which of the two charges would be tried first.
In argument to support his opposition to the joinder defense counsel asserted joinder deprived him of the right to exercise his right to waive jury trial as to one charge and to try the other by jury. When the State's attorney offered to try the cases separately if defense counsel would try one by jury and the other by the judge alone, defense counsel rejected the offer by insisting on a determination of his motion to elect. The State's attorney then asserted he would join the offenses for trial unless joinder was ruled improper.
In the argument which ensued on the motions to join and to compel election defense counsel claimed that the defense was unduly burdened by a joint trial of two offenses. If the State intended to try the offenses jointly, he said, one bill of information should have been filed charging the offenses in two counts. His objection to the joint trial, counsel conceded, was based upon the rationale of the law prior to enactment of Act 582 of 1975 authorizing joinder of offenses and joinder of defendants and prescribing grounds for severance of offenses. See La.Code Crim.Pro. arts. 493, 494 and 495.1. Without specifying the noncompliance counsel also argued that the State did not follow the statutory law authorizing joinder. For these reasons he argued the two charges should therefore be tried separately, to do otherwise would deprive the accused of his right to elect whether he would be tried by the judge or jury in each case.
The State's attorney replied that he relied upon Article 493 of the Code of Criminal Procedure to support the joinder of these charges and that he was agreeable to trying them jointly before the judge or jury at defendant's election.
No evidence was produced at the hearing. When the arguments were concluded the *852 trial judge granted the State's motion to join and denied defendant's motion to compel election.
The defense motion to compel election as presented in this record will be treated as an application for severance, a procedure provided for by Article 495.1 of the Code of Criminal Procedure. Subsequently in his argument in brief on a motion for continuance defense counsel referred to it as a motion for severance. The motion is by its terms an application for severance, and it was treated by counsel and the trial judge throughout the hearing as an opposition to the joinder. An application by the defendant for severance of offenses serves the same purpose.
Joinder of offenses is permitted by Article 493 of the Code of Criminal Procedure as follows:
"Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial."
The charges joined by these bills of information are on their face of the same or similar character. Each charges the violation of the identical crime, receiving stolen things; the violations are charged as having taken place on the same day, October 25, 1977; each charge involves electronic sound equipment; and each charge is a felony and, because of the amounts involved, are triable by the same mode of trial, in the district court by a jury of six, or by the judge alone if the defendant waives trial by jury. La.Const. art. I, § 17; La. Rev.Stat. 14:69; La.Code Crim.Pro. arts. 780, 782. There was no evidence to refute these obvious similarities at the time of the ruling by the trial judge. In the absence of evidence to the contrary the joinder was permissible under Article 493.
Despite these similarities in the two charges, severance is nevertheless authorized under Article 495.1 of the Code of Criminal Procedure. That article provides:
"The court, on application of the prosecuting attorney, or on application of the defendant shall grant a severance of offenses whenever:
(a) if before trial, it is deemed appropriate to promote a fair determination of defendant's guilt or innocence of each offense; or
(b) if during the trial upon consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant's guilt or innocence of each offense. The Court shall consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."
As the recital of facts establish, the issue presented involves subsection (a) of Article 495.1, the issue of severance having arisen "before trial". In this context severance is dependent upon whether "it is deemed appropriate to promote a fair determination of defendant's guilt or innocence of each offense." The only evidence available to the trial judge at this time was the two bills of information. On the basis of these documents, which undoubtedly demonstrated that the offenses were of the same or similar character, the trial judge determined that joinder was proper. No evidence was presented at that time to support a finding that severance was "deemed appropriate to promote a fair determination of defendant's guilt or innocence of each offense."
This, however, need not have ended defendant's right to obtain severance. Severance was available during trial on defendant's application, and with his consent, if the evidence developed was such that severance was "deemed necessary to achieve a fair determination of defendant's guilt or innocence of each offense." Id. subsection (b). If defendant had applied during trial the court is mandated by Article 495.1(b) to *853 consider whether, in view of the number of offenses charged and the complexity of the evidence to be offered, the trier of fact would be able to distinguish the evidence and apply the law intelligently as to each offense. However, because of the facts which developed at the trial or for other reasons best known to the defense, no application for severance was made during trial.
The trial judge could not be expected to rule on a motion for severance before trial on the basis of evidence which developed later at the trial, evidence which was not known to him and which was not then a fact. It was incumbent on the defense to convince the judge when his "before trial" application for severance was before the judge that severance was deemed appropriate. This was not done. Under these circumstances the ruling of the trial judge was correct.
Assignment 4: When the trial judge denied the defense motion to compel election, which has been treated as an application for severance, defense counsel orally moved for a continuance. The motion was denied. Previously defense counsel had argued that if the court ruled that joinder was proper, the defendant should be granted a continuance because the two charges had been fixed for trial on the same day without notice to him that they would be joined. Joinder of these charges immediately prior to trial, he argued, was a substantive change which entitled defendant to a continuance as a matter of right. La.Code Crim.Pro. art. 489.[1]
Defendant's right to a continuance under these circumstances is dependent on whether he has been prejudiced by the amendment of the charges from two separate charges to charges which have been joined for trial. In determining whether the defendant has been prejudiced in his defense upon the merits, the court must consider all the circumstances of the case and the entire course of the prosecution.
As the trial judge observed, no substantive change was made in the charges which would affect the merits of the defense. Both cases had been set for trial on June 8, 1977, and defense counsel had been notified to that effect on May 27, 1977 and made no objection until the day of trial. The defense was aware that it had to be prepared to defend each charge that day. The substance of the charges remained unchanged, the only difference being joinder, which would require the defendant to try the cases together. Joinder is not a substantive change it only involves a change in procedure.
If defense counsel was surprised by the joinder, as he asserts, no prejudice is shown which would have affected the outcome of the determination of defendant's guilt or innocence. It is incumbent upon the defense to establish the requisite prejudice to convince the trial judge that a continuance is vital to the defense. The defendant should point out the prejudice he claims. State v. Gibson, 322 So.2d 143 (La. 1975). He has not done so.
Aside from the fact that the motion for continuance was not in writing or verified by counsel's affidavit as required by Article 707 of the Code of Criminal Procedure, and that the defense has not pointed out wherein he is prejudiced, there is no showing of any abuse of the discretion reposed in the trial judge in such cases. Id. art. 712. The assignment lacks merit.
Assignments 12, 13, 23 and 24: On the trial of the case it was shown that on October 2, 1975 the residence of Robert A. Lejeune was burglarized. Among the items *854 taken was a "Channel Master" stereo. Roland S. Phebus, a bricklayer working nearby, testified that he noticed two people carrying boxes from Lejeune's yard into the house next door. Later he learned that defendant lived in the house next door with his parents. When Lejeune reported burglary of the stereo, investigating officers spoke to defendant at which time he denied having any knowledge of the stereo burglary.
A walkie-talkie set and other radio equipment were taken from the office of Park Forest Junior High School on October 17, 1975. William Laurie, a student of that school, testified at the trial that he had stolen the equipment and sold it to defendant a day or two after the theft.
On October 25, 1975 a consent search was conducted at the defendant's residence during which the police discovered the stolen goods on which this prosecution is based.
While the State's direct examination of Phebus was in progress, the defense objected to Phebus' testimony, arguing that reference to the fact that defendant lived next door produced the inference that defendant had committed a burglary, another crime, and the evidence should not be admitted because no prior notice had been furnished to the defense that evidence of other crimes would be introduced at the trial. See La. Rev.Stat. 15:445-46.
There is no merit to this defense contention. An essential element of the crime of receiving stolen things is the fact that the objects received and concealed were the subject of a theft. La.Rev.Stat. 14:69. Evidence of the burglary, therefore, was essential to proof of the offense charged. In addition, the prosecution must prove that defendant knew or had reason to know that the things were stolen. Phebus' testimony to the effect that the burglars took the stolen items to defendant's residence was relevant to show that defendant knew the stereo was stolen. Phebus' testimony, therefore, was evidence bearing upon essential elements of the crime charged, it was not evidence of an extraneous offense.
On another occasion the defense made a similar claim. When Laurie testified that he sold the radio equipment to defendant he said he was later arrested for burglary and theft and that defendant was arrested at the same time for the same offense. In addition to the fact that Laurie's statement that defendant was also arrested for burglary and theft was unsolicited by the State, that testimony was relevant to prove an essential element of the crime charged. Defendant's arrest for burglary and theft of the objects he was charged with having received established knowledge on his part that they were stolen.
Defendant's motions for mistrials on the basis of this testimony were properly denied.
Assignments 39, 40, 41, 42, 43, 46, 47: A hearing was held outside the presence of the jury during trial on a defense motion to suppress as evidence the stereo and radio equipment seized by law officers on October 25, 1975. Although the motion sought suppression of statements of the defendant, this portion of the motion to suppress is not urged on appeal.
Testimony at the hearing was to the effect that on October 25, 1975 Deputy Mike Barnett went to the Wagster residence and asked defendant's parents for permission to search the residence. Consent was given by defendant's father and a search inside the house resulted in the seizure of two of the walkie-talkies stolen from the school office.
There were also three vehicles on the Wagster property  a car and van belonging to defendant's parents and a van owned by defendant. Defendant purchased the van several months before the search with his own money but the title to the van was in his father's name. The van was located in the back yard and was without wheels at the time of the search. It was being fixed by defendant and was used in the meantime as a sort of playhouse. The officers seized the stereo and a walkie-talkie from that van.
The issue thus presented is whether the father consented to a search of defendant's *855 van and whether the father had the authority to consent to such a search. The father testified that his initial consent was to search the residence only. According to his testimony, when he was later asked by the officers to search the vehicles, his consent applied to his van, not his son's. Officer Barnett testified to the contrary, saying he sought and obtained consent to search defendant's van when he talked to the father.
Thus, a credibility question is presented. In numerous decisions this Court has said that credibility determinations should be left largely to the trial judge. State v. Dunbar, 356 So.2d 956 (La.1978). (No. 60,634 on the docket of this Court, rendered March 6, 1978); State v. Schouest, 351 So.2d 462 (La.1977).
Furthermore, consent to search a residence should, under ordinary circumstances, apply to structures appurtenant thereto used in connection with the main building, such as a van without wheels resting on blocks, and used as a playhouse as in the case at bar. In any event, the trial judge's ruling was correct and should not be disturbed unless arbitrary and capricious.
Alternatively, if consent was given defendant denies the father's authority to consent to a search of his van. In United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), the Supreme Court has formulated a statement of the principles which are applicable in this situation:
"These cases at least make clear that when the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over, or other sufficient relationship to, the premises or effects sought to be inspected."
A footnote to the foregoing continues:
"Common authority is, of course, not to be implied from the mere property interest a third party has in the property. The authority which justifies the third-party consent does not rest upon the law of property, with its attendant historical and legal refinements, see Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961) (landlord could not validly consent to the search of a house he had rented to another), Stoner v. California, 376 U.S. 483, 84 S.Ct. 899, 11 L.Ed.2d 856 (1964) (night hotel clerk could not validly consent to search of customer's room) but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched."
Unquestionably, except in unusual circumstances, the parent possesses at least common authority, if not the principal authority, over the residence occupied by the parent and his nineteen-year-old son. So much for the principal dwelling at the place of residence. As to an appurtenant structure  the van  used by the son and entered by his mother and father with his consent whenever it was not locked, it is reasonable to conclude that, because his parents had the joint right of access to and use of the van, the son assumed the risk that one of them might permit the van to be searched. State v. Morris, 340 So.2d 195 (La.1976); State v. Johnson, 319 So.2d 786 (La.1975).
The trial judge properly denied the motion to suppress this search and seizure conducted on the authority of a valid consent.
Assignment 10: Defendant contends that it was improper for the trial judge to question a State witness in the presence of the jury. Without reviewing the prolonged interrogation by the State's attorney which set the background for the brief questioning by the trial judge, it will be sufficient for these purposes to say that the conduct of the judge's examination was such as to impress the jury with his impartiality. He indicated no opinion on the merits, nor did he cast doubt upon the credibility *856 of any witness. No question was propounded by the judge based upon the assumption of defendant's guilt. This Court has approved questioning of witnesses by the judge when these standards are observed. State v. Gorves, 311 So.2d 230 (La. 1975).
Although it may be different in a trial by a judge alone, State v. Layssard, 310 So.2d 107 (La.1975), questioning of witnesses in a criminal jury trial by the judge is a practice to be avoided unless deemed indispensable to a fair and impartial trial. A judge should be constantly aware of the basic premise of a criminal trial which calls upon the State, not the judge, to prove the defendant's guilt beyond a reasonable doubt. It is enough for the judge to impartially and wisely regulate the conduct of the trial without participating in the interrogation of witnesses, a practice fraught with danger of prejudice to the defendant.
Assignments 1 and 2: Without a hearing the trial judge denied the defendant's motion to quash the petit jury venire. Although not questioning the ruling on the merits of the motion, counsel contends the defendant was denied a constitutional and statutory right when he was refused the right to present evidence at a hearing on his motion.
The defense motion was filed ten days before trial and no subpoenas were requested on behalf of the defense. On the morning of the trial defense counsel stated that subpoenas were not issued for defense witnesses because he was unaware that the motion was set for hearing on the day of trial. It should be observed parenthetically that it is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. Otherwise it may be considered that the motion has been abandoned. The record does not show that an effort was made to have a date set for a hearing.
Nevertheless, rather than delay the trial, the judge allowed defense counsel to outline the evidence he intended to introduce. Then, accepting this as proven, the trial judge denied the motion on its merits. Insofar as the merits of the motion is concerned, no prejudice is claimed and none occurred.
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs, disagreeing with the views expressed as to Assignment # 10.
TATE, J., dissents for the reasons assigned.
CALOGERO, J., dissents for reasons assigned by TATE, J.
DENNIS, J., dissents.
TATE, Justice, dissenting.
I respectfully dissent.
Two separate bills of information were filed. On the state's motion, they were consolidated and were tried at the same time, over the defendant's objection.
The joinder was not authorized by law. La.C.Cr.P. art. 706 provides that two or more indictments may be consolidated for trial only upon motion of a defendant.
Neither the state nor this court can ignore, as unnecessary, positive legislative enactments designed to protect an accused against abuse, however little abuse (in our opinion) occurred in this particular illegal instance.
My view is not as technical as it seems. The improper procedure by the state deprived the defendant of certain procedural rights and deprived him of clearly defined statutory remedies to assert defenses against the joinder.
The state contends that it could have joined the two charges in a single indictment. La.C.Cr.P. art. 493. If it had done so, then the defendant could have moved to quash the indictments for misjoinder, La.C. Cr.P. art. 495, or could have moved to sever the offenses because the joinder would be prejudicial, La.C.Cr.P. art. 495.1.
The accused did not learn of the joinder of the two offenses until the day of the trial. Two days earlier the state ex parte had obtained an order joining the offenses *857 "in accordance with L.S.A.C.Cr.P. Article 894" (which is not applicable). On the day of the trial, because the defendant had no previous notice, the trial court vacated the joinder, heard arguments, and then denied the motion and ordered the bills joined for charge.
Only by treating the defendant's motion for a continuance as a motion to sever do we permit ourselves even to consider the merits of the accused's argument  as if he had filed a motion to sever, a clearly defined statutory remedy (Art. 495), if the state had filed a single bill containing both counts.
We find no prejudice in this illegal joinder because, if the joinder had not occurred, the accused should have been prepared to try the two offenses separately on the same day. We overlook that, aside from the statutory prejudice sustained an accused and justice itself when courts and prosecutors exceed the authority granted them by law, the preparation for joint trial of two offenses may involve the production of more witnesses and defense to overcome the cumulative effect of the evidence as to both offenses, than the preparation of trial for each offense tried separately.
The majority opinion treats both offenses as if charged in one indictment. They were not. Nor do I find any statutory authority to amend two indictments so as to join them into one  La.C.Cr.P. arts. 487 and 488 simply permit amendment of an indictment to cure variances or defects. (Even there, if the amendment is prejudicial, the defendant is entitled as of right to a continuance, La.C.Cr.P. art. 489  and a substantial variance in the proof of the state's charge against which a defendant is required to defend has traditionally been considered such continuance-required prejudice, see, e. g., State v. Gurney, 249 La. 71, 185 So.2d 19 (1966)).
It is true that the state could have nol prossed these two separate indictments and attempted to join them in a single indictment under La.C.Cr.P. art. 493. Had it done so (it did not, however), the accused could have, with appropriate delay, filed the motion to quash and the motion to sever permitted him  with adequate opportunity to prepare and brief the issues thereby presented.
Instead, on the morning of the trial, the two offenses charged by separate indictments were joined for trial. Ignoring the impropriety of such joinder, this court finds no prejudice  since, if the accused had been given an opportunity to file the motions which he was by law entitled to file, we would have found them without merit (at least on the basis of the truncated showing possible to the accused on learning of the joinder moments before trial).
The accused, charged by two separate indictments, had a statutory right to have those two separate indictments tried separately. This right was denied him, and this substantial violation of his statutory right entitles him to reversal regardless of prejudice actually shown (the law presumes it). La.C.Cr.P. art. 921.
Having determined reversal is required for the above reasons (in my opinion), it is unnecessary to discuss at any length my disagreement with the broad statements by the majority opinion that a father is entitled without more to let the police or others search his 19-year-old son's motor vehicle parked near the family residence. (Perhaps here the result might be justified with more explanation of the present facts. However, I simply do not read the Louisiana constitution right of privacy guaranteed to all our citizens, Art. 1, Section 5, as narrowly as does the majority opinion, at least under its truncated statement of the facts and legal principles involved.)
I respectfully dissent.
NOTES
[1] La.Code Crim.Pro. art. 489:

"If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it becomes necessary to discharge the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy."