_[iPETERS, J.
The State of Louisiana charged the defendant, Carrol J. Vincent, with simple battery, a violation of La.R.S. 14:35. After the trial court granted the defendant’s motion to quash the bill of information based on the state’s failure to timely institute trial, the state filed this appeal. For the following reasons, we reverse the trial court and remand the matter for further proceedings.
In this case, the state filed a bill of information charging the defendant with simple battery on February 6, 2001. The defendant filed three motions to quash the bill of information based on the running of the time limitations for commencing trial. The defendant filed the first motion to quash pro se on June 25, 2002, the second motion to quash through his legal counsel on August 6, 2002, and his third motion to quash pro se on September 17, 2002. The trial court granted the motion (or motions) after a September 27, 2002 hearing.
Louisiana Code of Criminal Procedure Article 578(3) provides: “Except as otherwise provided in this Chapter, no trial shall be commenced ... [i]n misdemeanor cases after one year from the date of institution of the prosecution.” The offense of simple battery is a misdemeanor. La.R.S. 14:2(4) & (6); La.R.S. 14:35. Prosecution may be instituted by the filing of a bill of information. La.Code Crim.P. art. 382(A).
Thus, absent interruption or suspension of the one-year period provided for in La. Code Crim.P. art. 578(3), the state had until February 6, 2002, in which to commence the trial on the merits. However, the one-year period may be suspended:
When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.
La.Code Crim.P. art. 580.
In State v. Brooks, 02-0792, p. 6 (La.2/14/03), 838 So.2d 778, 782, our supreme court explained:
For purposes of art. 580, a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial. These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. Joint motions for a continuance fall under the same rule.
(Citations omitted.)
Thus, in order to determine whether a suspension of the time limit occurred in this case, we must consider the motions filed by the defendant.
On February 20, 2001, the defendant, through his counsel of record, filed a motion to recuse the district attorney’s office from the prosecution of the charge *1176 and a motion to compel the disclosure of the initial police report. The defendant supplemented the motion to recuse the district attorney’s office with a pro se filing on August 27, 2001. The trial court granted the motion to recuse at a hearing held on September 28, 2001. Because we conclude that the motion to recuse is a “preliminary plea” for purposes of La.Code Crim.P. art. 580, the state had one year from September 28, 2001, in which to commence trial. Additionally, when the defendant filed his June 25, 2002 motion to quash, he again suspended the running of the time limitations on commencing trial. Therefore, we conclude that the trial court erred in granting the defendant’s motion to quash. Because we so conclude, we need not consider whether other defense motions, ruled upon or pending, have the same effect.
DISPOSITION
We reverse the trial court’s grant of the defendant’s motion to quash the bill of information and remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED.