947 So.2d 86 (2006)
STATE of Louisiana
v.
Keith M. DILLON.
No. 06-KA-488.
Court of Appeal of Louisiana, Fifth Circuit.
November 28, 2006.
*87 Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, State of Louisiana, Terry M. Boudreaux, Assistant District Attorney, Gretna, Louisiana, for Appellee, State of Louisiana.
Margaret S. Sollars, Attorney at Law, Louisiana Appellate Project, Thibodaux, Louisiana, for Appellant, Keith M. Dillon.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
Defendant, Keith M. Dillon, appeals his conviction for third-offense driving while intoxicated. For the following reasons, we affirm defendant's conviction, vacate his sentence, and remand for resentencing.
On September 17, 2002, defendant was arrested in Jefferson Parish for driving while intoxicated. On August 20, 2004, the Jefferson Parish District Attorney's office filed a bill of information charging defendant with third-offense driving while intoxicated, in violation of La. R.S. 14:98(D). After numerous notices, defendant appeared before the trial judge, was arraigned, and entered a plea of not guilty in this matter on or about July 12, 2005.
*88 On July 25, 2005, defense counsel filed numerous pre-trial motions. On November 2, 2005, defendant filed a pro se Motion to Quash the bill of information on the basis that the time limitation for the institution of the prosecution or for the commencement of trial had expired pursuant to La.C.Cr.P. art. 532(7) and/or La.C.Cr.P. art. 538(3).
On March 28, 2006, defendant's Motion to Quash was denied. On March 30, 2006, defendant withdrew his former plea and entered a guilty plea to third-offense driving while intoxicated, reserving his right to appeal the denial of his Motion to Quash under State v. Crosby, 338 So.2d 584 (La. 1976). The trial court sentenced the defendant to 2 years and 6 months at hard labor with all but thirty days suspended with credit for time served then placed defendant on probation for the remainder of his sentence with the special condition of home incarceration. Defendant filed a timely motion for appeal, which was later granted by the trial court.
On appeal, defendant's appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The Anders procedure used in Louisiana was discussed in State v. Benjamin, 573 So.2d 528, 529-530 (La.App. 4th Cir.1990), approved by the Louisiana Supreme Court in State ex rel. Hawkins v. Criminal Dist. Court, 92-3200 (La.11/30/93), 629 So.2d 421, adopted for use in this Circuit in State v. Bradford, 95-929 (La.App. 5th Cir.6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242. To comply with Jyles, appellate counsel's brief must review not only the procedural history of the case and the evidence presented at trial, but also must contain "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Jyles, 704 So.2d at 242 (quoting State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177).
When an Anders brief is filed, the appellate court reviews (1) the bill of information to insure that the defendant was properly charged, (2) all minute entries to insure that the defendant was present at all crucial stages of the proceedings, the jury composition, verdict, and the sentence, (3) all pleadings in the record, and (4) all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, at 1110-1111. If, in its independent review, the appellate court finds a legal point arguable on the merits, it may either deny appellate counsel's motion to withdraw and order him to file a brief arguing the legal point or it may grant the motion to withdraw and appoint substitute appellate counsel. State v. Bradford, at 1110.
Defendant's appellate counsel has asserted that, after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. She has filed a Motion to Withdraw as counsel, which states that she sent the defendant a letter to inform him that she had filed an Anders brief and that he has the right to file a supplemental brief. In addition, this Court sent the defendant a letter, by certified mail, informing him that an Anders brief had been filed and also that he had until August 20, 2006 to file a supplemental brief. Defendant has not filed a supplemental brief.
In her appellate brief, defendant's counsel discussed the timeliness of institution of prosecution and commencement of trial. She concludes that there are no non-frivolous issues to be raised on appeal. After an independent review of the record, we find that counsel's conclusion is correct.
*89 In this case, defendant filed his motion to quash alleging that "the time limitation for the institution of prosecution or for the commencement of trial has expired." La. C.Cr.P. art. 532(7). The record reflects that the prosecution of the defendant's case and commencement of his trial were timely pursuant to La.C.Cr.P. art. 572(2) and La.C.Cr.P. art. 578(2).
Prosecution is instituted on the date that the indictment is returned or the bill of information is filed. State v. Breaux, 05-358, p. 3 (La.App. 5 Cir. 12/27/05), 920 So.2d 274, 276. La. R.S. 14:98(D)(1)(a) provides that an offender convicted of third-offense driving while intoxicated shall be imprisoned with or without hard labor. According to La.C.Cr.P. art. 572(2), prosecution must be instituted within "[f]our years, for a felony not necessarily punishable by imprisonment at hard labor." In this case, defendant was arrested for driving while intoxicated on September 17, 2002. The Jefferson Parish District Attorney's Office filed a bill of information charging the defendant with third-offense driving while intoxicated, in violation of La. R.S. 14:98(D), on August 20, 2004, less than two years after defendant's arrest. Therefore, we find that defendant's prosecution was timely instituted.
La.C.Cr.P. art. 578(2) requires that trial be commenced in non-capital felony cases within "two years from the date of institution of the prosecution." However, when a defendant files a motion to quash or other preliminary plea that has the effect of delaying trial, the running of the periods of limitation established by Article 578 are suspended until the court rules on the pleadings. La.C.Cr.P. art. 580. State v. Quinones, 03-907, p. 4 (La.App. 5 Cir. 12/30/03), 864 So.2d 824, 827. In this case, defendant filed an omnibus pre-trial motion, including a Motion for Preliminary Examination and a Motion to Suppress Confession, Identification, and Physical Evidence, on July 25, 2005. The record reflects that there were no rulings on said motions. Therefore, the two-year time limitation for commencement of trial was suspended and never resumed.
Based on the foregoing, we find that the trial court did not abuse its discretion in denying the defendant's motion to quash. Our independent review of the record and appellant counsel's brief reveal no non-frivolous issues for appeal. Further, appellant counsel has demonstrated to this Court by full discussion and analysis that she has cast an advocate's eye over the trial court and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence, as required by Jyles. See, State v. Mouton, supra. Therefore, we grant appellant counsel's motion to withdraw.
In addition, this Court routinely reviews the record for errors patent, according to La.C.Cr.P. art. 920. Defendant's sentence is illegally lenient because the trial judge did not impose the $2,000.00 fine mandated by La. R.S. 14:98(D)(1)(a) and did not require defendant to obtain employment and participate in a court-approved driver improvement program as mandated by La. R.S. 14:98(D)(3)(b). Therefore, we vacate defendant's sentence and remand for resentencing in accordance with the proper provisions of La. R.S. 14:98(D).[1]See State v. Vidal, 04-1139, p. 9 *90 (La.App. 5 Cir. 3/29/05), 901 So.2d 484, 492.
In conclusion, we grant appellate counsel's Motion to Withdraw. Further, we vacate defendant's illegally lenient sentence and remand for resentencing in conformity with the proper penalty provisions. In all other respects, defendant's conviction is affirmed.
AFFIRMED; REMANDED; MOTION GRANTED.
NOTES
[1] It is well-established that the law in effect at the time of the commission of the offense is determinative of the penalty to which the accused is subject. State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518; State v. Schieffler, 841 So.2d 1000, 1002 (La.App. 5 Cir. 2/25/03)