# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

**18-677**

**STATE OF LOUISIANA**

**VERSUS**

**DAMON BROUSSARD**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. CR 81971
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## VAN H. KYZAR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and Van H. Kyzar, Judges.

**REVERSED AND REMANDED.**

**Keith A. Stutes**
**District Attorney**
**Roger P. Hamilton, Jr.**
**Assistant District Attorney**
**Fifteenth Judicial District**
**P.O. Box 288**
**Crowley, LA 70527**
**Phone (337) 783-8831**
**COUNSEL FOR APPELLANT:**
     **State of Louisiana**

**J. Kevin Stockstill**
**300 Stewart Street**
**Lafayette, LA 70501**
**Phone (337) 262-0203**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Damon Broussard**

**KYZAR, Judge.**

The State of Louisiana appeals a trial court judgment granting a motion to quash a bill of indictment charging the defendant, Damon Broussard, with one count of indecent behavior with a juvenile and one count of molestation of a juvenile. For the reasons set forth herein, we reverse the decision of the trial court and remand for proceedings consistent herewith.

## DISCUSSION OF THE RECORD

The defendant, Damon Broussard, was indicted by a grand jury on one count of indecent behavior with a juvenile, in violation of La.R.S. 14:81, and one count of molestation of a juvenile, in violation of La.R.S. 14:81.2. The indictment was filed on February 19, 2014.[1] On March 27, 2014, the defendant filed a single pleading containing multiple motions therein, as follows:

> Motion for a Preliminary Hearing; Motion for Discovery of Material Discoverable Under the Authority of *Brady v. Maryland* and *Kyles v. Whitley*; Motion for Discovery of Records of Criminal Arrests and Convictions of State's Witnesses; Motion for Oyer of Warrants of Arrest, Search, and Seizure and Affidavits; Motion for Production of "Initial Reports" R.S. 44:3A(4); Motion for Discovery Pursuant to Code of Criminal Procedure Articles 716, et seq.; Motion for State to Disclose to Defendant Grants of Immunity, Plea Bargain, Agreement or Consideration Granted to Any Witness or Prospective Witness of the State; Motion to Suppress Evidence; and a Request for Notice Under La. C.E. 404(b) and 412.2.

On March 28, 2014, the trial court signed an order setting a hearing date of May 5, 2014, for six of the eight discovery motions filed by the defendant. The order for hearing did not include the motion for a preliminary examination or the motion to suppress. The minutes of the trial court for May 5, 2014, reflect that the hearing on the discovery motions was continued to June 18, 2014. On June 18, 2014, the

---

[1] The defendant was separately indicted on another count of molestation of a juvenile that was prosecuted simultaneously with common pleadings and hearings, although the cases were not officially consolidated or joined. The same motion to quash granted by the trial court leading to this appeal was granted therein and is the subject of a separate appeal with this court in *State v. Damon Broussard*, 18-678.

minutes of the trial court and the transcript of the hearing reflect that counsel for the defendant advised the trial court that the discovery motions set for hearing that date had been satisfied by the State and that he reserved the right to file additional motions after reviewing the provided discovery material.

The trial court minutes for June 18, 2014, further reflect that a pre-trial conference set for that day was passed, and it was later set for July 23, 2014, but was again passed and reset for October 15, 2014. On October 15, the pre-trial conference was again passed and reset for November 19, 2014. On November 19, it was passed and reset for March 23, 2015. On March 23, 2015, the pre-trial conference was passed and reset for September 21, 2015. The trial court minutes for November 16, 2015, reflect that the trial of the matter was set for that day, but was continued on motion of the State and reset for a status hearing on December 17, 2015, and trial was set for January 25, 2016. Thereafter, neither the trial court minutes nor the transcript of the proceedings reflect any hearings, appearances, or motions being filed until April 2017.

The defendant filed a motion to quash on April 5, 2017, alleging that he had not been brought to trial within the two-year time limit from the institution of prosecution. The minutes of court for May 1, 2017, reflect that the trial of the case, scheduled for that day was continued on motion of the State. It further reflected the filing of the defendant's motion to quash and that the State was ordered to submit a reply brief within two weeks. On August 31, 2017, the hearing on the motion to quash was reset to September 25, 2017. Following the September 25 hearing, the trial court denied the motion to quash, finding that the defendant's Motion for Preliminary Hearing and Motion to Suppress had never been disposed of, and thus,

2

continued to suspend the time limitation for commencing trial.[2] The defendant applied for writs to this court, and on February 16, 2018, we issued the following writ ruling:

**WRIT GRANTED AND MADE PEREMPTORY:** The Defendant seeks review of the trial court's September 25, 2017 determination that his Motion for Preliminary Hearing and Motion to Suppress were unresolved preliminary pleas that suspended the running of prescription under La.Code Crim.P. art. 580. The motions either became moot on June 18, 2014, when defense counsel said the Defendant's discovery motions were satisfied and reserved his right to file additional motions or were abandoned when defense counsel made no effort to have them set for hearing for approximately three and a half years. *Cf. State v. Williams*, 97-1135 (La.App. 5 Cir. 5/27/98), 714 So.2d 258; *State v. Washington*, 98-69 (La.App. 5 Cir. 1/26/99), 727 So.2d 673; *State v. Vernon*, 16-692 (La.App. 4 Cir. 12/21/16), 207 So.3d 525, *writ denied*, 17-137 (La. 9/22/17), 227 So.3d 824. Accordingly, the trial court's ruling is vacated, and these matters are remanded for reopening of the motion to quash hearing.

*State v. Broussard*, 17-1009 (La.App. 3 Cir. 2/16/18) (unpublished opinion).

Judge Savoie dissented, as follows:

Savoie, J. dissents. The Motion for Preliminary Hearing and Motion to Suppress filed in March 2014 are preliminary pleas that suspended the running of prescription under La.Code Crim.P. art. 580. Because the motions were unresolved at the time the Motion to Quash was filed, I find no error in the trial court's September 25, 2017 ruling and would deny the Defendant's writ application. *See State v. Dillon*, 06-488 (La.App. 5 Cir. 11/28/06), 947 So.2d 86.

*Id.*

After the case was remanded to the trial court, the motion to quash was reset for March 1, 2018. At a hearing held that date, the trial court granted the motion to quash, relying on the writ decision of this court, from which the State sought review by writ application to this court. On June 12, 2018, this court granted the State's writ application and remanded the case to the trial court with instructions to treat the

---

[2] The trial court granted the motion to quash as to several other trial court docket numbers, which included charges of aggravated rape, molestation of a juvenile, and aggravated incest but denied the motions in this docket number and in in the docket number leading to the appeal with this court in *Broussard*, 18-678.

3

State's notice of intent to file a writ application as a motion to appeal. *State v. Broussard*, 18-262 (La.App. 3 Cir. 6/12/18) (unpublished opinion). Thereafter, the State moved for an appeal, which was granted by the trial court on June 18, 2018. On appeal, the State argues that the trial court erred in granting the motion to quash.

**OPINION**

Louisiana Code of Criminal Procedure Article 578(A) provides that:

[N]o trial shall be commenced nor any bail obligation be enforceable:

> (1) In capital cases after three years from the date of institution of the prosecution;
>
> (2) In other felony cases after two years from the date of institution of the prosecution; and
>
> (3) In misdemeanor cases after one year from the date of institution of the prosecution.

Louisiana Code of Criminal Procedure Article 580(A) (emphasis added) further provides:

> When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 *shall be suspended until the ruling of the court thereon*; but in no case shall the state have less than one year after the ruling to commence the trial.

The supreme court has distinguished between a suspension of the limitation on the commencement of trial and the interruption of the running of the time limitation:

> A motion to quash is the proper procedural vehicle for challenging an untimely commencement of trial. *See* La.Code Crim.Proc.Ann. arts. 532(7), 581; *see also State v. Brown*, 451 So.2d 1074, 1079 (La.1984); *State v. Taylor*, 439 So.2d 410 (La.1983); *State v. Walgamotte*, 415 So.2d 205 (La.1982). When defendant has brought an apparently meritorious motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit such that prescription will not have tolled. *See State v. Brown*, 451 So.2d 1074, 1079 (La.1984); *State v. Taylor*, 439 So.2d 410, 412 (La.1983); *State v. Walgamotte*, 415 So.2d 205 (La.1982). *State v. Nations*, 420 So.2d 967, 967 (La.1982); *State v. Driever*, 347 So.2d 1132 (La.1977).

4

An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. The Louisiana Code of Criminal Procedure article 579(A)(2) provides in pertinent part that the two-year period of limitation will be interrupted if the defendant "cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state." Once the cause of interruption disappears, the two-year time limit begins anew. *See* La.Code Crim.Proc.Ann. art. 579(B). In contrast, the prescriptive period is merely suspended, until the trial court rules on the filing of preliminary pleas. The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that "in no case shall the state have less than one year after the ruling to commence the trial." La.Code Crim.Proc.Ann. art. 580.

*State v. Rome*, 93-1221 (La. 1/14/94), 630 So.2d 1284, 1286-87 (footnote omitted).

For purposes of art. 580, a preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial. *State v. Cranmer*, 306 So.2d 698, 700 (La.1975); *State v. Elfert*, 247 La. 1047, 175 So.2d 826, 828 (1965). These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. *State v. Brooks*, 505 So.2d 714, 725 (La.1987); *State v. Fabacher*, 362 So.2d 555, 556 (La.1978). Joint motions for a continuance fall under the same rule. *State v. Jones*, 620 So.2d 341, 342 (La.App. 5th Cir.1993) (*citing State v. Simpson*, 506 So.2d 837 (La.App. 1st Cir.1987), *writ denied*, 512 So.2d 433 (La.1987)); *see also State v. Rome*, 93-1221 (La.1/14/94), 630 So.2d 1284, 1288-89.

*State v. Brooks*, 02-792, p. 6 (La. 2/14/03), 838 So.2d 778, 782

The question before this court is whether the Motion to Suppress and the Motion for Preliminary Hearing filed by the defendant, which had not been heard or resolved by dismissal or ruling by the trial court at the time of the September 25, 2017 hearing on the motion to quash, suspended the tolling of the two-year limitation for the commencement of trial. The State relies on *State v. Dillon*, 06-488 (La.App. 5 Cir. 11/28/06), 947 So.2d 86 (a case cited by Judge Savoie in his dissent to this court's writ ruling), for the proposition that when a defendant files a motion to quash or other preliminary plea that has the effect of delaying trial, the running of the time limitation is suspended until the trial court rules on the pleadings.

In *Dillon*, the defendant was charged by bill of information on August 20, 2004, with third offense driving while intoxicated. The defendant filed an "omnibus pre-trial motion, including a Motion for Preliminary Examination and a Motion to Suppress Confession, Identification, and Physical Evidence," on July 25, 2005. *Id.* at 89. Subsequently, he filed a pro se Motion to Quash on November 2, 2005, which was denied on March 28, 2006. In discussing the running of the period of limitations, the appellate court stated, "The record reflects that there were no rulings on said motions. Therefore, the two-year time limitation for commencement of trial was suspended and never resumed." *Id.* at 89. As stated earlier, *Dillon* is cited by Judge Savoie in his dissent to this court's writ ruling. Because the defendant's Motion for Preliminary Hearing and Motion to Suppress were unresolved preliminary pleas that suspended the running of the prescriptive period, Judge Savoie found no error in the trial court's original denial of the defendant's motion to quash. *Broussard*, 17-1009 (Savoie, J., dissenting).

The majority opinion in our writ ruling, however, found differently. Citing *Williams*, 97-1135 (La.App. 5 Cir. 5/27/98), 714 So.2d 258; *State v. Washington*, 98-69 (La.App. 5 Cir. 1/26/99), 727 So.2d 673, and *State v. Vernon*, 16-692 (La.App. 4 Cir. 12/21/16), 207 So.3d 525, *writ denied*, 17-137 (La. 9/22/17), 227 So.3d 824, the majority held that the defendant's Motion for Preliminary Hearing and Motion to Suppress either became moot or were abandoned. *Broussard*, 17-1009. During the reopened motion to quash hearing and in its appellate brief, the State argued that *Williams* and *Washington* were distinguishable from the instant case. During the hearing, the State asserted that suppression was still a viable issue in the present case and would likely be re-urged by the defendant. Additionally, it asserted that in order for a motion to be considered abandoned, defense counsel had to specifically state that it was abandoned. The State further argued:

6

MR. HAMILTON: Your Honor, but if defense counsel can just file the motion and just let it go and, you know, say it's abandoned, and that's what we choose to do, then they're going to file motions, and then they'll pick and choose when they're going to serve it.

So three and-a-half years pass, and let's say it's for trial, and we set it for trial, and he finally says, "Hold on, I've got this motion to suppress. I need to hear it before we go to trial." They can't have it both ways.

THE COURT: I don't disagree with you, but the Third Circuit does, and I'm bound by - - I'm bound by their ruling. And I've looked at it; I don't see a way around it. I mean, I think what they're directing me to do is to grant the motion to quash on the remaining - - on the remaining charges. So I grant the motion to quash.

In its appellate brief, the State argues the following in a further attempt to

distinguish *Williams* and *Washington*:

In *Williams*, the record did not reflect whether or not the trial judge ruled on the motion to suppress statements. The record in Williams reflected that the motion was moot because the state provided the defendant with information. The defendant proceeded to trial without objecting that the motion was outstanding. In the case at bar, the defendant did not waive the motion until the motion to quash was filed.

The defendant waived his right to have the motion to suppress considered by not alleging facts as required by La C Cr P Art 703 (E), by indicating that he was satisfied with the state's response to his motion to suppress and by proceeding to trial without raising any issue that he had an outstanding motion to suppress. *State v. Washington*, 98-69 (La App 5 Cir 1/26/99) 727 So2d 673. In the case at bar, the defendant just passed the motion.[3] He did not act upon the other motions nor did he accept the motion as satisfied. There are issues relating to text messages that may be suppressable [sic]. The motion went unresolved at the time the Motion to Quash was filed. As a result, the time limitation should be suspended until the Motion to suppress is heard or the defendant formally waives the motion.

---

[3] The State asserts that the defendant's Motion for Preliminary Hearing and Motion to Suppress were *passed* on June 18, 2014. The transcript of the proceedings from that date does not indicate that defense counsel stated that any matters were passed. The minutes, however, reveal that defense counsel informed the trial court that the discovery motions were satisfied and the remainder of the motions were passed. While we find no irreconcilable conflict, if there is a conflict between the minutes and the transcript, "the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62.

It is clear from the State's arguments in both instances that it is asking us to reconsider the arguments and grounds previously considered in our writ ruling. This court has held that great deference should be afforded to pre-trial decisions, although this deference is not unbridled.

> Although a defendant may seek review of a pretrial ruling even after a pretrial supervisory writ application is denied, when the defendant does not present any additional evidence on the issue after the pretrial ruling, the issue can be rejected. *State v. Hebert*, 97-1742 (La.App. 3 Cir. 6/3/98), 716 So.2d 63, *writ denied*, 98-1813 (La. 11/13/98), 730 So.2d 455, *cert. denied*, 529 U.S. 1072, 120 S.Ct. 1685, 146 L.Ed.2d 492 (2000) (quoting *State v. Magee*, 93-643, p. 2 (La.App. 3 Cir. 10/5/94), 643 So.2d 497, 499). However, "[j]udicial efficiency demands that this court accord great deference to its pre-trial decision unless it is apparent that the determination was patently erroneous and produced unjust results." *Hebert*, 716 So.2d at 68. Our review of the record reveals no additional evidence for the defendant's allegations of prosecutorial misconduct which would support his pretrial motions.

*State v. Perry*, 12-298, p. 7 (La.App. 3 Cir. 11/7/12), 101 So.3d 575, 580, *writ denied*, 12-2657 (La. 5/24/13), 116 So.3d 659 (alteration in original).

In his appellate brief, the defendant asserts that the arguments raised by the State have already been decided by this court and should not be revisited. Thus, the defendant contends that the State's claims should be denied. We conclude, however, that this court's prior writ ruling was patently erroneous and produced unjust results, as reflected below.

Our majority opinion in the writ ruling relied upon *Williams*, *Washington*, and *Vernon* as support for our finding that the defendant's Motion for Preliminary Hearing and Motion to Suppress "either became moot, on June 18, 2014, when defense counsel said the defendant's discovery motions were satisfied and reserved his right to file additional motions or were abandoned when defense counsel made no effort to have them set for hearing for approximately three and a half years." *Broussard*, 17-1009.

8

Having now had the benefit of a full appeal on this issue, we conclude that our reliance on the cited caselaw was misplaced. The cases relied upon dealt with two situations: First, with the defendant proceeding to trial after failing to request a hearing for a particular motion previously filed and then claiming as error on appeal the trial court's failure to rule a particular way on the motion; and second, with the defendant raising for the first time on appeal an issue raised in an undisposed of motion in the trial court.

The *Williams* case is used as support for the position that the motion to suppress was abandoned by the lapse of time or became moot by satisfaction of discovery requests. That was not the rationale of the fifth circuit's holding in *Williams*:

> First, we note that the record does not reflect whether or not the trial judge ruled on the motion to suppress statements, which was based on the state's failure to notify defendant of any statements it intended to use at [trial]. However, the record reflects that the motion was moot because the state provided defendant with the information. Further, defendant proceeded to trial without objecting that the motion was outstanding. Thus, he waived all pending motions at the commencement of trial. *State v. Price*, 96-680 (La.App. 5th Cir. 2/25/97), 690 So.2d 191, 196.

*Williams*, 714 So.2d at 263-64.

The court in *Williams*, which dealt with an appeal after conviction, held that unresolved motion to suppress statements made by the defendant was abandoned because the defendant proceeded to trial without first seeking a disposition of the motion. As a further rationale for its holding, the court commented that the motion was rendered moot by the defendant's receipt of the statements from the State. However, it is clear that the motion in that case was based upon the State's failure to produce the statements prior to trial; thus, it was not a true motion to suppress evidence. That is an entirely different issue from the Motion to Suppress evidence in the case at hand, and there is no evidence in this record showing otherwise.

9

Further, trial in this case has never commenced; thus the defendant's motion is not and has not been abandoned.

In *Washington*, the defendant again proceeded to trial without seeking the disposition of his motion to suppress. He further stated, in open court prior to trial, that he was satisfied with the State's response to his motion to suppress. The fifth circuit, in rejecting defendant's argument on appeal that the trial court erred in failing to consider his motion to suppress, stated:

> We believe that defendant waived his right to have the motion to suppress considered. First, defendant did not allege facts in his motion to suppress as required by La.C.Cr.P. art. 703 E. Second, defendant indicated at the hearing that he was satisfied with the state's response to his motion to suppress. Finally, defendant proceeded to trial without raising any issue that he had an outstanding motion to suppress. *State v. Williams*, 97-1135 (La.App. 5 Cir. 5/27/98), 714 So.2d 258. Accordingly, we find no merit to defendant's first assignment of error.

*Washington*, 727 So.2d at 676.

We further cited *Vernon* as support for our position; however, that reliance was also misplaced. In *Vernon*, the State argued before the trial court that the time limit for institution of trial was interrupted per the provision of La.Code.Crim.P. art. 579. It was only on appeal that the State attempted to argue the suspension of the time limitations for trial, as per the provisions of La.Code Crim.P. art. 580. The fourth circuit held that the State abandoned that claim by its failure to argue such in the trial court:

> The State failed to assert, as a basis for its objection to the motion to quash, that the preliminary pleas suspended the time limitations period. In that the State failed to raise the issue of suspension, this Court concludes that the State intended to argue its objections based solely on La. C.Cr.P. art. 579. We find no reason to remand the case to allow the State a "second bite at the apple" to argue new grounds for denial of the motion to quash based on evidence which the State had available to it prior to the trial court hearing. Under these circumstances and in light of the trial court's discretion when ruling on a motion to quash, this Court will not consider the State's suspension argument as it is raised for the first time on appeal.

10

*Vernon*, 207 So.3d at 529.

Thus, the cases cited are not controlling in this particular case. Other cases further reflect the correctness of this position, including *State v. Wagster*, 361 So.2d 849 (La.1978), cited by the courts in *Williams* and in *Washington*. In *Wagster*, the supreme court reviewed a claim by the defendant on appeal concerning the denial of a hearing on his motion to quash the jury venire filed prior to trial. Without a hearing, the trial court denied the defendant's motion to quash the petit jury venire. While not questioning the ruling on the merits of the motion, the defendant argued on appeal that he was denied a constitutional and statutory right when he was refused the right to present evidence at a hearing on his motion. In rejecting the argument, the supreme court stated as follows:

> The defense motion was filed ten days before trial and no subpoenas were requested on behalf of the defense. On the morning of the trial defense counsel stated that subpoenas were not issued for defense witnesses because he was unaware that the motion was set for hearing on the day of trial. It should be observed parenthetically that it is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. Otherwise it may be considered that the motion has been abandoned. The record does not show that an effort was made to have a date set for a hearing.
>
> Nevertheless, rather than delay the trial, the judge allowed defense counsel to outline the evidence he intended to introduce. Then, accepting this as proven, the trial judge denied the motion on its merits. Insofar as the merits of the motion is concerned, no prejudice is claimed and none occurred.

*Id.* at 856.

Thus, *Wagster* stands for the proposition that once a defendant proceeds to trial without having demanded a resolution of his pending motions, the court will consider those motions as having been abandoned. That again is not the case here.

This court in *State v. Langley*, 10-969, pp. 17-18 (La.App. 3 Cir. 4/6/11), 61 So.3d 747, *writ denied*, 11-1226 (La. 1/20/12), 78 So.3d 139, *cert. denied*, 568 U.S. 841, 133 S.Ct. 148 (2012), also recognized that it is the act of proceeding to trial

11

without obtaining a disposition of a pending motion that triggers the abandonment of the motion and not the mere lapse of time during the pre-trial proceedings:

> The filing by the defendant of the Motion To Recuse the District Attorney was a preliminary plea which suspended the running of the one-year limitation set forth in La.Code Crim.P. art. 578. *State v. Vincent*, 02-1452 (La.App. 3 Cir. 4/2/03), 843 So.2d 1174; *State v. McDonald*, 02-909 (La.App. 3 Cir. 2/5/03), 838 So.2d 128, *writ denied*, 03-807 (La.10/17/03), 855 So.2d 758. The trial court never ruled on that motion, and it was never withdrawn by the defendant. Therefore, the time limitation was suspended until the trial began on November 2, 2009, when both the state and the defense announced that they were ready for trial, and the trial commenced. The defendant did not object to or raise the issue of the pending Motion to Recuse District Attorney. The motion was pending until the day the trial began, at which time it was considered abandoned by the defendant. *State v. Craig*, 32,209 (La.App. 2 Cir. 8/18/99), 747 So.2d 604. His failure to object constitutes a waiver of the objection. *State v. Woodfox*, 291 So.2d 388 (La.1974); *State v. Jennings*, 07-150 (La.App. 3 Cir. 5/30/07), 958 So.2d 144, *writ denied*, 07-1460 (La.1/7/08), 973 So.2d 731; *State v. Pratt*, 32,302 (La.App. 3 Cir. 9/22/99), 748 So.2d 25.

> The filing of the Motion To Recuse District Attorney suspended the running of the prescription. It remained suspended as it was neither withdrawn by the defendant nor ruled upon by the court before the trial commenced. Even if defense counsel's arguments at the September 17, 2009 hearing amount to a waiver or withdrawal of the Motion to Recuse the District Attorney, the suspension of prescription from February 2005 until September 2009 makes the November 2009 trial date timely. There is no violation of the defendant's right to a speedy trial.

*Id.* at 760.

The case at hand does not involve any overt pre-trial act or declaration of the defendant to waive either his Motion to Suppress or Motion for Preliminary Hearing prior to the hearing on September 25, 2017. It further does not involve the abandonment of the motion by proceeding to trial, as this case has not yet been tried. While the defendant may have waived his previously filed motions for discovery, he never formally waived on the record his Motion to Suppress or his Motion for Preliminary Hearing. Indeed, the transcript of the June 18, 2014 hearing reflects no mention of either motion. The order of March 28, 2014, setting the particular

12

discovery motions for this hearing, ultimately held on June 18, 2014, specifically included only the following:

"Motion for Discovery of Material Discoverable under Authority of Brady v. Maryland and Whitley; Motion for Discovery of Records of Criminal Arrests and Convictions of State's Witnesses under Authority of *Brady v. Maryland*; Motion for Oyer of Warrants of Arrest, Search and Seizure and Affidavits; Motion for Discovery Pursuant to Code of Criminal Procedure Articles 716, et seq.; Motion for State to Disclose to Defendant Grants of Immunity, Plea Bargain, Agreement or Consideration Granted to any Witness or Prospective Witness of this State; Motion for Production of 'Initial Reports' R.S. 44:3A(4)."

There is no mention of the Motion to Suppress or the Motion for Preliminary Hearing in this order.[4] The trial court minutes for June 18, 2014, state that counsel for the defendant informed the trial court during the hearing that "the **discovery motions** have been satisfied with the remainder being passed." (Emphasis added.) The transcript for the same date is consistent with the trial court minutes that it was in fact the discovery motions that were being addressed exclusively, where defendant's counsel stated the following:

We had filed various motions. I've spoken with Ms. Boustany, and she has made a copy of the discovery for us. So I just wanted to indicate for the record that it looks like our discovery motions are satisfied, however, I'd like to reserve my right to file any additional motions based on our review of the discovery.

Thus, we find that that neither the Motion to Suppress nor the Motion for Preliminary Hearing were formally waived or withdrawn in open court by the defendant until the initial hearing on the Motion to Quash. According to the plain language of La.Code Crim.P. art. 580, a formal waiver does not occur unless the request is made to the trial court and a ruling recognizing the dismissal thereof is

---

[4] Although the March 28, 2016 trial court order setting the motions for hearing did not include the Motion to Suppress nor the Motion for Preliminary Hearing, the trial court minutes of May 5, 2014 and June 18, 2014, list these motions as being under consideration.

13

rendered.[5] Further, any pending motion has not been abandoned as the case is still pending trial.

Our jurisprudence is clear that a defendant can waive any pending motions during the proceedings themselves by acquiescence, such as by failing to object in open court, after the State announces, prior to trial, that no motions are pending and then proceeds to trial. This was the case in *State v. Lambert*, 98-730 (La.App. 4 Cir. 11/17/99), 749 So.2d 739, *writ denied*, 00-1346 (La. 1/26/01), 781 So.2d 1258. However, in the case sub judice, this matter has not yet proceeded to trial. More importantly, *Lambert* stands for the proposition that the State is under no duty whatsoever to ensure that any defense motion is heard.

> As previously discussed, defendant effectively waived his right to a hearing on his motion to suppress. Defendant filed a motion to suppress the statement on 18 February 1997. On 21 March 1997, when the case was called for hearing on the motions, the State represented that no motions were pending. Defense counsel assented to this statement by his silence, and the trial court moved on with the case. There is no indication that defendant ever raised the motion to suppress the statements again. Accordingly, defendant abandoned his motion to suppress the statement. There was no error by the trial court in failing to conduct a hearing on the motion to suppress under these circumstances, and the State was under no duty to ensure that defendant's motion was heard.

*Id.* at 756.

In *State v. Lavy*, 13-1025 (La.App. 1 Cir. 3/11/14), 142 So.3d 1000, *writ denied*, 14-644 (La. 10/31/14), 152 So.3d 150, the first circuit considered an unresolved motion to view the crime scene, which was made by the defendant during trial. Therein, the court stated:

> The motion to view the crime scene was abandoned. It is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. Otherwise, it may be considered that the

---

[5] The minutes of trial court do reflect that counsel for the defendant moved to dismiss the Motion to Suppress and the Motion for a Preliminary Hearing on September 25, 2017, on the date the Motion to Quash was first denied. There is, however, only an oral order from the trial court dismissing the Motion for a Preliminary Hearing in the transcript of the hearing, but no formal ruling of the court dismissing the Motion to Suppress.

14

motion has been abandoned. *State v. Wagster*, 361 So.2d 849, 856 (La.1978); *State v. Carter*, 96-0337, p. 7 (La.App. 1st Cir.11/8/96), 684 So.2d 432, 437.

*Id.* at 1009.

Thus, the abandonment of a pending pre-trial motion is triggered by the commencement and/or conclusion of trial or the entering of a guilty plea by the defendant.

We have found no decision by any court of this state that supports the proposition that a defendant can file a motion to suppress, or other preliminary plea, wait until after the two-year delay for trial, and then file a motion to quash for failure to timely try the case, using his own failure to seek resolution of his prior motion as an abandonment of the motion. To allow such would be to arm every defendant in a criminal proceeding with an arsenal of land mines in the form of multiple unresolved motions, frivolous or not, to gain the dismissal of charges on technical grounds, and thus, thwarting the justice process.

It further begs the question of when abandonment actually occurs if the mere lapse of time, absent a ruling on the pre-trial motion, constitutes legal abandonment or waiver of the motion or other preliminary plea. Do we set some arbitrary "reasonable time" within which to resolve a pending motion, and thereafter, declare that the defendant waived the motion, even if the trial has not yet commenced? We think not. As the caselaw clearly reflects, it is only the commencement of trial, prior to either the trial court's ruling on the motion on its merits or the trial court's ruling accepting a declaration of abandonment, waiver, or withdrawal of the motion by the defendant, that triggers recommencement of the running of the time limitations set forth in La.Code Crim.P. art. 580.

What is controlling here is the clear language of La.Code Crim.P. art. 580. The plain letter of the law provides for the suspension of the period in which to

15

commence trial until the trial court *rules* on the motions in question. In this case, there was no ruling on the Motion to Suppress evidence and no hearing on the Motion for Preliminary Hearing, both of which were filed by the defendant on March 27, 2014. These motions were still pending, at least up to the time of the original hearing on the Motion to Quash on September 25, 2017. But for the erroneous granting of the motion to quash at the March 1, 2018 hearing, the suspension of the two-year trial limitation continues until the motions, including this Motion to Quash, are disposed of by a final ruling of the trial court or former withdrawal by the defendant and dismissal by ruling of the trial court, at which time the time period for trial shall recommence. To the extent that our writ ruling reflects otherwise, such was in error. Accordingly, the granting of the motion to quash is reversed, and the matter remanded for further proceedings.

## DISPOSITION

For the reasons set forth herein, the order of the trial court granting the motion to quash the indictment of the defendant, Damon Broussard, is reversed, and this matter is remanded to the trial court for further proceedings consistent herewith.

**REVERSED AND REMANDED.**