367 So.2d 322 (1979)
STATE of Louisiana
v.
Bernard HARRIS.
No. 62693.
Supreme Court of Louisiana.
January 29, 1979.
Frank G. DeSalvo, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Chief Justice.
An Orleans Parish Grand Jury indictment returned on September 17, 1975 contained *323 two counts: The first count charged Bernard Harris with distribution of heroin on the 13th of August 1975, and the second count charged both Bernard Harris and Henry Harris with distribution of heroin on July 30, 1975.
After trial the jury found Bernard Harris guilty on counts one and two. Henry Harris was acquitted. Bernard Harris was sentenced to life imprisonment at hard labor on each count, the sentences to run concurrently. On this appeal defendant Bernard Harris urges six assignments of error for reversal of his convictions and sentences.
This case is part of the "Topcat" operation, a joint State and Federal program aimed at law enforcement against illegal drug traffic in the New Orleans area. Police officer Larry Taplin was a prominent undercover investigator in this program. In that capacity he purchased three "bundles" of heroin (approximately 24 dosage units each) from defendant on two separate occasions in the city of New Orleans. Both transactions were prearranged to permit surveillance by other police officers.
The first of these transactions occurred on the evening of July 30, 1975 at the residence of Bernard Harris' sister. On that occasion, Henry Harris was present during the transaction but was apparently not considered an active participant by the jury. Officers Reiher, Brady, Titus, and Driscoll observed the meeting (but not the sale) from various positions on the street. The second sale was transacted on the afternoon of August 13, 1975 in the parking lot of a shopping center at the corner of Washington Street and Claiborne Avenue and was witnessed by Officer Brady. Samples from each bundle were analyzed at the crime laboratory and tested positive for heroin.
In brief the principal defense contention is based upon assignment of error number 10 relating to the denial of the defense motion to examine Officer Taplin on voir dire, prior to trial. The defense has consolidated the argument on assignment 10 with assignments 3, 4, 5, 6 and 8.
On the morning of the day this case was set for trial the defense filed a motion alleging that defense counsel attempted to interview Officer Taplin, a key state witness, concerning the facts and circumstances surrounding the offenses charged but Officer Taplin refused an interview. The motion also alleged that Officer Taplin's refusal was "at least in part based upon the advice of the District Attorney's office." Officer Taplin's refusal is alleged to have impeded defense counsel's ability to prepare a defense to the charges against appellant, and is tantamount to a denial of defendant's constitutional right to counsel and to be confronted by, and to cross-examine, the witnesses against him.
At a pretrial hearing on the motion defense counsel called Officer Taplin to the stand to support his allegations. Officer Taplin testified under oath that defense counsel attempted to speak to him concerning the facts of the case and that he refused, telling defense counsel that he would answer his question "on the stand" in court. He further testified that his decision not to answer defense counsel's questions out of court was not based upon advice from the District Attorney's office. No other evidence was produced by the defense, and the trial judge denied the motion. Later at the trial Officer Taplin testified in detail concerning the facts of the case, but counsel for Bernard Harris declined to cross-examine him, stating that he could not adequately cross-examine Taplin for fear that he would tread into "unknown waters" and never know what to expect by way of answers. The result would be to endanger the defense of his client.
The right of confrontation is a trial right, and attempts to employ it for pretrial discover have been rejected. See State v. Phillips, 343 So.2d 1047 (La.1977); State v. Badon, 338 So.2d 665 (La.1976); State v. Morgan, 315 So.2d 632 (La.1975).
Nor do the Articles of the Code of Criminal Procedure pertaining to discovery in criminal cases enacted by Act 515 of 1977 permit such pretrial examination of the State's witnesses. La.Code of Crim.Pro. arts. 716-729.6.
*324 This Court has held that a witness may or may not speak with opposing counsel and that determination shall be made by the witness alone, but the State may not deny the defense access to the witness. State v. Hammler, 312 So.2d 306 (La.1975).
Based upon this authority the denial of the defense motion was proper.
The other assignments of error urged in defendant's brief were, according to defense counsel, "taken in reference with the defense Motion to Voir Dire Officer Taplin, which was filed with the Court and denied prior to trial." It is understood, therefore, that these other assignments were dependent upon the validity of the defense motion. Having decided that the motion lacks merit, we find it unnecessary to further consider these other assignments.
For the reasons assigned, the conviction and sentences are affirmed.
BLANCHE, J., not participating.