548 So.2d 350 (1989)
STATE of Louisiana
v.
Johnny BRAY.
No. 89-KA-0086.
Court of Appeal of Louisiana, Fourth Circuit.
August 10, 1989.
Harry F. Connick, Dist. Atty. and Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Bruce W. Harris, New Orleans, for defendant/ appellant.
*351 Before GARRISON, PLOTKIN and BECKER, JJ.
BECKER, Judge.
Defendant, Johnny Bray, appeals his convictions and sentences imposed on three counts of cruelty to a juvenile and one count of molestation of a juvenile. The defendant was charged with three counts of cruelty to a juvenile, violations of L.S. A.-R.S. 14:93, and one count of molestation of a juvenile, a violation of L.S.A.-R.S. 14:81.2. The jury found defendant guilty on all four counts. Defendant was sentenced to ten years at hard labor on each count, the sentences to run concurrently with each other and with any other sentences imposed, with credit for time served.
On appeal, defendant assigns five specifications of error:
(1) that the trial court erred in denying his motion to suppress an oral confession or inculpatory statement that was allegedly made without adequate legal representation;
(2) that the trial court erred in denying a motion for a mistrial upon learning that the prosecuting attorney advised a State witness not to speak with defense counsel;
(3) that the trial court erred in denying a motion to quash the bill of information because it was duplicitous and/or contained a misjoinder of offenses;
(4) that the trial court erred in sentencing the defendant to ten years at hard labor without benefits of suspension of sentence, probation or parole on the grounds that the sentence is illegal, oppressive, excessive, and contrary to the law and the evidence; and
(5) the trial court erred in denying defendant's motion for a new trial.
On March 29, 1988, Detective Nina Simmons of the New Orleans Police Department Child Abuse Unit received a telephone call from Conita Bennett who reported that the defendant was physically abusing her three grandchildren who were living with him. Defendant was the boyfriend of the children's mother, Ms. Bennett's daughter. Subsequently, Detective Simmons interviewed the three children: Tanya, age 13; Ashton, age 4; and Kathy, age 5. The children indicated that during the two years they had lived with the defendant he had frequently abused them physically. Later, it was revealed that defendant had also sexually molested Tanya.
Based upon this information, Detective Simmons ran a computer check on defendant and discovered that there was an outstanding warrant for his arrest for disturbing the peace. Simmons then went to defendant's residence where she arrested him and advised him that he was under investigation for physically and sexually abusing the Bennett children.
Defendant was charged with three counts of cruelty to a juvenile and one count of molestation of a juvenile. In a separate case number (326-877 F), defendant was charged with aggravated crime against nature alleged to have been perpetrated on Tanya Bennett. Subsequently, the victims' mother pled guilty to accessary after the fact to cruelty to a juvenile and testified against the defendant at trial. Two neighbors, a social worker, and the victims' grandmother also testified, documenting the bruises and other evidence that defendant abused the children. The jury found defendant guilty on the three counts of cruelty to a juvenile and one count of molestation of a juvenile. The day after the trial, defendant pled guilty to the aggravated crime against nature charge. His plea was rendered pursuant to a negotiated plea bargain that the sentence would run concurrent with the sentences imposed in accordance with the convictions on the three counts of cruelty to a juvenile and one count of molestation of a juvenile. Defendant was sentenced to serve ten (10) years at hard labor without benefit of probation, parole or suspension of sentence on the aggravated crime against nature charge. All sentences were ordered to be served concurrently with each other.
ERRORS PATENT
A review of the transcript reveals that there is no record of defendant's arraignment. As defendant stood trial without objecting to the arraignment, if it occurred, *352 or the failure to arraign, if it did not, any objection is deemed to have been waived. C.Cr.P. art. 555.
Assignment of Error No. 1
Defendant contends that the trial court erred in denying the motion to suppress an inculpatory statement defendant made to Detective Nina Simmons after he was arrested. The defense argues that since the defendant was arrested pursuant to an arrest warrant, "formal proceedings" had been instituted against him when the confession was made causing a right to counsel to attach. Defendant suggests that once the right to counsel attached, Detective Simmons should not have attempted to seek a waiver from defendant of his right to counsel. Defense counsel concludes that defendant's confession, because it was made in the absence of counsel, was improperly admitted notwithstanding defendant's waiver of his right to counsel. The defense, in essence, argues that once the right to counsel attaches, a defendant cannot waive his rights.
Article I, Section 13 of the 1974 Louisiana Constitution guarantees the right to assistance of counsel. The guarantee includes the right of a defendant to have counsel present during any post-arrest interrogation should the defendant express such a desire. State v. Serrato, 424 So.2d 214 (La.1982); State v. Matthews, 408 So.2d 1274 (La.1982). However, an arrested defendant, not yet indicted or formally charged, can voluntarily waive his right to counsel and make voluntary statements which will be admissible against him. Matthews, supra. To prove waiver, the State must demonstrate that the defendant intentionally relinquished or abandoned his known right to counsel. State v. Trevathan, 414 So.2d 316 (La.1982).
The State, in this case, demonstrated through the testimony of Detective Simmons that the defendant was informed of his right to counsel and he intentionally waived it. Detective Simmons testified at trial that when she arrested the defendant, she informed him that he was under investigation for abusing the Bennett children, and advised him of all of his rights as an arrestee. Simmons then brought the defendant to the child abuse unit where she again advised him from the rights of arrestee form. Simmons stated that defendant responded affirmatively when she asked him if he understood the rights she had read to him. Detective Simmons then asked the defendant if he wished to waive his rights and make a statement. Defendant indicated that he desired to waive his right and confessed to having beat the children with a stick.
Simmons further testified that she did not force the defendant to make a statement, nor did she promise the defendant anything in return for the confession.
The defense offered no evidence to rebut Detective Simmons' testimony. In fact, defense counsel did not even cross-examine Detective Simmons about the statement given to her by the defendant. The defense's reliance upon Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) and Maine v. Moulton, 474 U.S. 159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985) is misplaced. Those cases involve inculpatory statements surreptitiously elicited after arrest and after arraignment by an undercover informant acting for the government. They do not stand for the proposition that the right to counsel cannot even be waived once it attaches.
The trial court therefore did not err in finding that the State met its burden of proving that the defendant had been advised of his right to counsel and waived that right.
This assignment of error is without merit.
Assignment of Error No. 2
In this assignment, the defendant contends that the trial court erred in denying his motion for a mistrial on the basis that the prosecution allegedly advised Tanya Bennett, one of the victims, not to talk to defense counsel. Defendant's argument is that the prosecutor's advice to the witness denied defense counsel the opportunity to adequately prepare a defense.
*353 There is no evidence in the record to support defendant's contentions. The prosecutor, in front of defense counsel, told Tanya Bennett prior to the preliminary hearing, that it was her choice as to whether she spoke with defense counsel but he advised her not to do so.
Whether a witness speaks to opposing counsel before trial is a determination to be made by the witness alone. However, the State may not deny the defense access to the witness. State v. Smith, 430 So.2d 31 (La.1983); State v. Harris, 367 So.2d 322 (La.1979). When a witness chooses not to speak with defense counsel, there are no provisions in the discovery articles, C.Cr.P. arts. 716-729.6, which permit defense counsel to conduct a pre-trial examination of the State's witnesses. Harris, supra. However, in this case, defense counsel had the opportunity to cross-examine Tanya at the preliminary hearing.
Further, the prosecutor told the witness that it was her decision whether to speak with defense counsel prior to trial. She chose not to do so and defendant has no recourse to challenge her decision. Defense counsel argues that the witness's failure to speak with him prejudiced his preparation of the defense as the defense was allegedly based upon the assumption that the witness had been molested only once. The bill of information did not limit the alleged molestation to one instance but states that Tanya Bennett was molested by the defendant between February 1, 1988 and February 29, 1988. Additionally, defense counsel had the opportunity to and did cross-examine Tanya at the preliminary hearing. Any evidence pertinent to the defense could have been elicited at that time. Defendant's arguments on this assignment of error are not well-founded.
Assignment of Error No. 3
By this assignment, defendant contends that the trial court erred in denying his motion to quash the bill of information on the basis of misjoinder. The defendant argues that the State improperly joined the three counts of cruelty to a juvenile with a count of molestation of a juvenile.
Code of Criminal Procedure Article 493, which provides for the joinder of offenses, allows two or more offenses to be:
charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
When a defendant is charged with two or more offenses under C.Cr.P. Article 493, the trial court has the discretion to grant a severance, order separate trials, or provide other relief, if prejudice to the defendant or the State would result from the joinder. C.Cr.P. article 495.1, State v. Hudnall, 522 So.2d 616 (La.App. 4 Cir. 1988). The trial court, in determining whether prejudice would result, should consider whether the jury would be confused by the counts, would be able to segregate the charges and the evidence, and not use the counts to infer criminal disposition. Absent a showing of abuse, the trial court's decision will not be disturbed. State v. Washington, 386 So.2d 1368 (La. 1980); Hudnall, supra.
The Louisiana Supreme Court has held that there is no prejudicial effect when the charges are of a similar character and the evidence of each offense is simple and distinct, even if the evidence would not have been admissible in separate trials, as the evidence of each offense can be kept separate with a proper jury charge. State v. Williams, 418 So.2d. 562 (La.1982); Hudnall, supra.
In this case, the three victims are siblings. All of the offenses arose during the same time frame while the victims and their mother were living with the defendant. Count One of the bill of information alleged that the defendant committed cruelty to a juvenile upon Ashton Bennett between January 1, 1987, through March 29, 1988. Count Two of the bill alleged that the defendant committed cruelty to a juvenile *354 upon Kathy Bennett during the same time frame. In Count Three on the same bill, the defendant was alleged to have committed cruelty to a juvenile, Tanya Bennett, within the same time frame. Count Four of the bill alleged that the defendant committed sexual molestation of a juvenile, Tanya Bennett, between February 1, 1988, through February 29, 1988. It is clear that the offenses charged were part of a "continuous plan" by the defendant in abusing the Bennett children. Further, each offense is triable by the same mode of trial, that is, a six person jury. See L.S.A.-R.S. 14:81.2, 14:93 and C.Cr.P. Article 782. Therefore, the offenses charged were properly joined.
Defendant also fails in his argument that the joinder was prejudicial. Only two different types of offenses were charged; cruelty to a juvenile and sexual molestation of a juvenile. The jury could easily distinguish the evidence relating to the physical abuse of the three children and the evidence relating to the sexual molestation of one of them.
Accordingly, this assignment of error lacks merit.
Assignment of Error No. 4
Defendant argues that the trial judge erred in imposing an illegal sentence by requiring that the sentences be served without benefit of probation, parole or suspension of sentence. A review of the sentencing transcript reveals that the trial judge did not order the sentences to be served without benefits. The trial judge sentenced the defendant to ten years at hard labor on each cruelty conviction, each sentence to run concurrently with the others. This sentence is within the parameters established by L.S.A.-R.S. 14:93.
On the molestation conviction, the defendant was sentenced to serve ten years at hard labor, the sentence to run concurrently with the other sentences imposed. The trial judge did not state that this sentence was to be served without benefits. Further, the sentence imposed on the molestation conviction is within the guidelines set out in L.S.A.-R.S. 14:81.2.
The record further reveals that, on the same day these sentences were imposed, the trial judge also sentenced defendant on the aggravated crime against nature charge. The trial judge sentenced the defendant, on that charge, to ten years at hard labor without benefit of probation, parole or suspension of sentence. This sentence is in compliance with the sentencing range provided for that offense.
This assignment of error is without merit.
Assignment of Error No. 5
Defendant's final assignment of error is that the trial court erred in denying his motion for a new trial. The defendant believes that the trial court should have granted a new trial on the basis that the "verdict is contrary to the law and the evidence [and] the Court's (sic) ruling on a written motion or an objection made during the proceedings, shows prejudicial error." The defendant failed to brief and argue the law on this assignment on appeal, and as such, has waived his right to appellate review on this issue.
A review of the record however shows that the defendant's motion for a new trial was based upon the arguments raised in assignment of errors numbers one and two. As stated previously, those arguments are without merit.
Therefore, this assignment of error is without merit.
Accordingly, defendant's convictions and sentences are hereby affirmed.
AFFIRMED.