PLOTKIN, Judge.
Defendant Kenneth Batiste appeals his conviction for second-degree battery, alleging that the trial court improperly overruled his hearsay objections. We affirm.

Facts:

Batiste, who is 6'2" and weighs 220 pounds, allegedly struck the victim, Alvirda Cook, who is 4'11" and weighs 104 pounds, outside his home at 3220 Eagle Street on April 4, 1989. The incident occurred when the victim, who was the defendant’s wife’s cousin and godmother, accompanied the defendant’s wife to their residence to get some clothes. The three argued and the women decided to leave. As they were going to their car, the defendant attacked the victim, knocking her unconscious and leaving her face extremely swollen. The incident was reported to the police, who arrested Batiste on second-degree battery charges.
Defendant was tried by a jury on June 27, 1989 and found guilty as charged. On July 24, 1989, the defendant was sentenced to one year in the parish prison with credit for time served.

Errors Patent:

We have examined the record in this case for errors patent and find none.

*1000
Analysis:

Although the defendant made no formal assignments of error, his brief contains an allegation that the trial court improperly overruled his hearsay objections to testimony presented by the State’s witnesses. Assignments of error neither briefed or argued are considered abandoned by this court. Uniform Rules, Courts of Appeal, Rule 2-12.4; State v. Thomas, 427 So.2d 428, 431 (La.1982); State v. Bray, 548 So.2d 350, 354 (La.App. 4th Cir.1989). However, even when no assignments of error are filed, issues which are briefed must be considered. State v. Murphy, 542 So.2d 1373, 1375 (La.1989); State v. Jones, 553 So.2d 928, 930 (La.App. 4th Cir.1989).
The transcript in the instant case reveals that the defense made only one hearsay objection which was overruled by the trial court. The following exchange occurred during the State’s questioning of the victim:
Q. Has she ever confided in you anything about her husband of a violent nature?
A. Well, he’s never been violent until the night that we had the altercation. She came by my grandmother’s house and she was crying and I asked her what was wrong. She said that Monday night—
BY MR. TAYLOR:
Your Honor, I’m going to object to this as being hearsay.
BY THE COURT:
The objection is overruled.
You are speaking about the defendant’s wife?
BY MR. HESNI:
Yes, I am, Your Honor.
BY MR. TAYLOR:
Note my objection.
DIRECT EXAMINATION RESUMED BY MR. HESNI:
A. She came by and she said that they had had an argument that Monday night and they were arguing and she said she was, if I’m not mistaken, in the bathroom and—
BY THE COURT:
Excuse me a minute.
Ladies and gentlemen, this testimony is being offered solely for the purpose of showing that it was said, not necessarily that it’s true. Do you understand? You are to receive this testimony only to show what the other person said, not to show the truth of it, that it was true, but that they said it. All right, go ahead.
Hearsay is defined by La.C.E. art. 801(C) as “a statement ... offered in evidence to prove the truth of the matter asserted.” Thus, not all out-of-court statements qualify as hearsay. See La.C.E. art. 801(D). The jurisprudence has consistently held that a statement used to show its effect on the state of mind of the person who hears it does not qualify as hearsay. State v. Martin, 458 So.2d 454, 460 (La.1984).
In the instant case, the defense attempted to prove that the victim had provoked the altercation with the defendant by going to his home and getting involved in his personal affairs, then slamming first a screen door, then a gate, in the defendant’s face while leaving. The State’s question to the victim concerning whether the defendant’s wife had ever told her that the defendant was violent was offered simply to show the victim’s state of mind and reason for accompanying the defendant’s wife to his home. Thus, under the rule established by Martin, supra, the statement does not qualify as hearsay. The fact that the judge immediately instructed the jury that the statement was not being offered to prove that it was true also supports the conclusion that the statement was not hearsay.

Conclusion

For the above and foregoing reasons, the trial court judgment convicting defendant Kenneth Batiste of second-degree battery is affirmed.
AFFIRMED.