EDWIN A. LOMBARD, Judge.
| j Because this court initially reversed the defendant’s conviction, discussion pertaining to the trial court sentencing errors was pretermitted. State v. Butler, 11-0985 (La.App. 4 Cir. 10/3/12), 101 So.3d 121. Upon reversal and remand, we now consider (as instructed by the Louisiana Supreme Court) the errors in the defen *255 dant’s sentence. See State v. Butler, 12-2359 (La.5/17/13), 117 So.3d 87, cert denied, Butler v. Louisiana, — U.S. —, 134 S.Ct. 1879, 188 L.Ed.2d 918 (2014).
The defendant was charged by bill of information with two counts: (1) possession of marijuana, third offense; and (2) possession with intent to distribute cocaine. He was convicted of possession of marijuana, third offense and possession of cocaine and sentenced to a four-year term of imprisonment on each count. The State subsequently filed a multiple offender bill listing both convictions. At the multiple bill hearing, after hearing testimony and argument related to the multiple offender adjudication, the trial court found the defendant to be a fourth offender. There was then an off-the-record discussion. When the proceedings resumed on the record, the trial court stated that, because the defendant had two prior convictions for crimes of violence and had been convicted of the instant offenses of possession of marijuana, third offense, and possession of |Pcocaine, “which is a drug violation punishable by 10 years or more,” it was sentencing the defendant to life imprisonment, without the benefit of probation, parole, or suspension of sentence, having found him to be a fourth offender. The defense counsel objected to the court’s finding that the defendant was a fourth offender “as well as [to] the fact that the State is multiple billing him on both the marijuana third and the possession of cocaine, rather than just on one count.” The trial court replied that it was the court’s “understanding that the gentleman was being billed as to the possession of marijuana third offense only.” The assistant district attorney affirmed that the trial court was correct. In response to the defense counsel’s indication that she was under the impression the State was attempting to bill the defendant on both counts, the trial court summarized its finding as to the multiple offender adjudication:
He has been — he has been found guilty, as I said, of a fourth time felony offender based on the possession of marijuana third conviction, as well as the previous convictions that I have gone through more than two times, but I’ll say it again, the pursesnatching, [sic] the case 340-462, 381-032; the first out of Section “F”, the second one out of Section “C”, Case number 366-583 out of Section “F”. 366-583 is a simple robbery. 381-032 is forgery. 340-462 is pur-sesnatching [sic] and simple robbery.
From this exchange and the trial court’s summation, it appears that the State, after having filed the multiple bill listing both convictions, changed course to have the habitual offender adjudication apply only to the conviction for possession of marijuana, third offense, perhaps because a life sentence is mandatory under La.Rev.Stat. 15:529.1(A)(4)(b) for the marijuana offense, but not the cocaine offense.[1]
|sThe record is problematic as to whether the habitual offender adjudication is to one or both convictions because, although the transcript indicates that only a single *256 life sentence was imposed pursuant to La. Rev.Stat. 15:529.1, the trial court vacated both four-year sentences and the docket master does not reflect that the life sentence was as to the marijuana count only. Moreover, there is no minute entry[2] or commitment form in the record reflecting the sentence imposed as to count one, the marijuana charge. Thus, to the extent that the trial court vacated both sentences and imposed only one sentence, it is clear error. In light of the statement by the prosecutor that the State was withdrawing the multiple bill as to the cocaine charge, it appears that the multiple offender adjudication pertains only to the marijuana conviction. Accordingly, this matter is remanded to the trial court with instructions to impose the original four-year sentence (vacated in error) on count two and prepare an appropriate minute entry reflecting the sentences imposed on both counts.
REMANDED.

. La.Rev.Stat. 15:529.1(A)(4)(b) provides in pertinent part that if the fourth felony and two of the prior felonies are crimes of violence or a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any combination thereof, the person shall be imprisoned for life without the benefit of probation, parole, or suspension of sentence. Third offense marijuana possession is punishable by imprisonment, with or without hard labor, for up to twenty years, see La.Rev.Stat. 40:966(E)(3), and therefore falls within this provision. In contrast, simple possession of cocaine is only punishable for a maximum term of five years. La.Rev.Stat. 40:967(C)(2). Therefore, the sentencing range applicable to the defendant on the cocaine charge, as a fourth offender, would be twenty years to life. See La.Rev.Stat. 15:529.1(A)(4)(a).

. Despite attempts to supplement the record, no minute entry of the multiple offender proceedings has been obtained.