*422 j i Writ Granted. The law enforcement officer effected a valid traffic stop of the vehicle in which the defendant was a passenger because the driver impeded the flow of traffic at a busy intersection in violation of La. R.S. 82.64(B). See, State v. Waters, 00-356 (La.3/12/01), 780 So.2d 1053,1056 (“[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.”). The officer acted lawfully in approaching the vehicle with the intent to conduct a routine driver’s license and vehicle registration inspection while engaging the occupants in conversation. See State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053, 1057. When questioning the occupants, the officer observed in plain view an open alcoholic beverage container on the floor of the front passenger side near the defendant’s feet to which the defendant claimed ownership. Possession of alcoholic beverages in a motor vehicle is prohibited under La. R.S. 32:300. In light of the misdemeanor violation, the law enforcement officer had sufficient basis to detain the occupants and search them for weapons and evidence. See, State v. Butler, 12-2359, p. 5 (La.5/17/13), 117 So.3d 87, 90 (“In light of [State v.Sherman, 05-0779, p. 11 (La.4/4/06), 931 So.2d 286, 293], we nevertheless agree with the state that purely as an objective matter, the officers ultimately did nothing more than what the law entitled them to do by detaining defendant after observing him commit a 12misdemeanor offense in their presence and searching him for weapons and evidence, without regard to whether they had an articulable and particularized concern for their safety, and then arresting him, albeit not for the offense for which they initially had probable cause.”). Thus, the seizure of cocaine found on the defendant during a pat down of his person did not violate his Fourth Amendment right to privacy.
Accordingly, we reverse the trial court’s ruling granting the motion to suppress and remánd for further proceedings.
JOHNSON, C.J., dissents and would deny.
KNOLL, J., dissents and would deny the writ.