**STATE of Louisiana**

**v.**

**Reginald A VERNON**

**NO. 2016–KA–0692**

Court of Appeal of Louisiana,
Fourth Circuit.

**DECEMBER 21, 2016**

Leon A. Cannizzaro, Jr., District Attorney, Donna R. Andrieu, Assistant District Attorney, Donald G. Cassels, III, Assistant District Attorney, PARISH OF ORLEANS, 619 South White Street, New Orleans, LA 70119, COUNSEL FOR APPELLANT/STATE OF LOUISIANA

Katherine M. Franks, LOUISIANA APPELLATE PROJECT, P.O. Box 1677, Abita Springs, LA 70420–1677, COUNSEL FOR DEFENDANT/APPELLEE

(Court composed of Judge Terri F. Love, Judge Paul A. Bonin, Judge Sandra Cabrina Jenkins)

BONIN, J., CONCURS IN THE RESULT ONLY

Judge Terri F. Love

The State seeks appellate review of the trial court's January 6, 2016 ruling granting Reginald Vernon's ("Mr. Vernon") motion to quash. The State asserts for the first time on appeal that the time limitation to commence trial was suspended pursuant to La. C.Cr.P. art. 580. Considering the State failed to preserve its objection based on suspension of the time limitation, this Court will not consider the error assigned. Likewise, because the State neither briefed nor argued on appeal its claim in the trial court that the time limitations period was interrupted pursuant to La. C.Cr.P. art. 579, the State abandoned the claim. Nonetheless, the record demonstrates an affirmative showing that the State received notice of Mr. Vernon's incarceration in Texas from his surety in November 2012. Therefore, the trial court did not abuse its discretion in concluding that the State took no action from the date it was notified of Mr. Vernon's incarceration in Texas and allowed the charges against him to prescribe. The trial court's judgment is affirmed.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The facts of the underlying charges are unknown and are not pertinent to the issue raised in the State's appeal. The relevant procedural facts are as follows.

Mr. Vernon was arrested in December 2011 for simple burglary and illegal possession of stolen things in violation of La. R.S. 14:62 and La. R.S. 14:69(B)(1), respectively. The State filed a bill of information against Mr. Vernon and at his arraignment, Mr. Vernon entered a plea of not guilty. On February 9, 2012, Mr. Vernon filed motions for preliminary hearing and discovery. A preliminary hearing was held in magistrate court in June 2012, at which time the magistrate judge held the matter open for a ruling at a later date on whether there was sufficient evidence for the burglary charge. The docket master reflects that Mr. Vernon was notified in open court that the trial court's ruling was set for a subsequent date; however, the magistrate judge specifically advised defense counsel for Mr. Vernon in open court that Mr. Vernon's presence was not required for the magistrate's ruling.

Although Mr. Vernon was not required to appear in magistrate court for the ruling, the docket master shows that on June

25, 2012, Mr. Vernon appeared in court without counsel. The docket master reflects that the ruling was reset for July 30, 2012, and the magistrate judge requested that defense counsel be notified of the new date. The docket master also reflects that Mr. Vernon was notified in open court of the new date, despite the fact that the magistrate judge previously relieved Mr. Vernon of the obligation to appear. Thus, it is unclear what transpired in court on June 25, 2012, because the minute entry and the transcript of the proceedings are not in the record.

On July 30, 2012, neither defense counsel nor Mr. Vernon appeared for the magistrate's ruling. However, the docket master and minute entry reflect that the magistrate court found there was only probable cause for the illegal possession of stolen property. Defense counsel later filed a motion for discovery and a motion to suppress on August 13, 2012. The record indicates that on the same date a notation was made in the docket master that the August 16, 2012 trial date was to be disregarded, and a pre-trial conference was set instead. The record is notably devoid of proof that notice was sent to Mr. Vernon to appear for the pre-trial conference or any future proceeding. Yet, the State requested that the bond be forfeited when Mr. Vernon failed to appear in court on August 16, 2012, for the pre-trial conference.[1]

The docket master reflects that on October 30, 2012, Mr. Vernon's surety filed in open court a motion to set aside bond forfeiture.[2] On the same date, a bond hearing was set for November. According to the docket master, the surety appeared for the November 14, 2012 bond hearing and informed the trial court and the State that Mr. Vernon was incarcerated in Texas. The hearing on the surety's motion was continued. The docket master indicates on February 15, 2013, the State filed its opposition to the surety's motion. The State admitted that Mr. Vernon was incarcerated in Harris County, Texas, at the time he was allegedly to appear in court on August 16, 2012. The trial court thereafter granted surety's motion to set aside bond forfeiture and petition for nullity. The February 2013 docket master entry states, "DEFENDANT IS CURRENTLY HELD IN TEXAS," and the matter was continued without date.

On July 12, 2013, a district court in Harris County, Texas issued an order, dismissing a fugitive warrant for Mr. Vernon. The order of dismissal, which Mr. Vernon attached as an exhibit to his motion to quash, demonstrates that the "Demanding jurisdiction w[ould] not extradite" Mr. Vernon after his completion of his commitment in Texas.

On September 12, 2015, Mr. Vernon was arrested on a new charge of higher classification and the *alias capias* issued in July 2011 in this case. Thereafter, Mr. Vernon filed a motion to quash the bill of information based on the State's failure to timely bring him to trial pursuant to La. C.Cr.P. art. 578. Mr. Vernon asserted that he missed court during the pendency of his case because he was incarcerated in Texas. The State argued Mr. Vernon's motion to quash should be denied because the time period was interrupted pursuant to La. C.Cr.P. art. 579. The trial court held that "any interruption of the period of limita-

---

1. The minute entry reflects that the basis for the bond forfeiture was that Mr. Vernon failed to appear for *trial* even though the previous minute entry states that the matter was set for a pre-trial conference instead.

2. The surety's motion does not appear in the record before us.

tion which existed under La. C.Cr.P. art. 579 ceased when the State learned of Defendant's incarceration, location, and availability." At which point, the two-year prescriptive period began to run anew. The trial court concluded the State had two years from the date the State was notified in court that he was in jail in Texas or until November 14, 2014, to commence trial. Additionally, the trial court held that in 2012 when Mr. Vernon was incarcerated in Texas, neither himself or his attorney had an obligation to give |₅notice to the Court or the State regarding his custody because La. C.Cr.P. art. 579(C) was not enacted until 2013, well after the State was aware of Mr. Vernon's location. Considering the State failed to take action and allowed the charge to prescribe, the trial court granted Mr. Vernon's motion to quash. The State timely appeals the trial court's ruling on the motion to quash.

### STANDARD OF REVIEW

■ This court reviews *de novo* a trial court's ruling on a motion to quash when solely legal issues are presented. *State v. Olivia*, 13–0496, p. 2–3 (La.App. 4 Cir. 3/26/14), 137 So.3d 752, 754. By contrast, when mixed issues of fact and law are presented—like speedy trial violations— we apply an abuse of discretion standard. *State v. Hall*, 13–0453, p. 11 (La.App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (citing *State v. Tran*, 12–1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3). "Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion." *State*

*v. Love*, 00–3347, p. 9–10 (La. 5/23/03), 847 So.2d 1198, 1206. The basis of Mr. Vernon's motion to quash is untimely prosecution. In that motions to quash based on prescription typically require factual determinations, this Court reviews the trial court's findings under an abuse of discretion standard.

### MOTION TO QUASH

On appeal, the State abandons its argument made in the trial court that the |₆time limitations period for commencing trial was interrupted. Now, the State argues the trial court erred when it granted the motion to quash because the prescriptive period was suspended by the pendency of preliminary pleas. Additionally, the State claims Mr. Vernon's right to a speedy trial under the United States Constitution's Sixth Amendment was not violated.[3]

#### *La. C.Cr.P. art. 580—Suspension*

The State argues that Mr. Vernon filed a motion for discovery and preliminary examination on February 9, 2012, upon which the trial court never ruled; therefore, the State contends that under La. C.Cr.P. art. 580 the time limitations within which to commence trial were suspended. La. C.Cr.P. art. 580(A) states, "[w]hen a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial." Mr. Vernon admits that his counsel filed for discovery and for suppression of the evidence upon which the trial court has not yet ruled. However, Mr. Vernon notes that the

---

**3.** The basis of Mr. Vernon's motion to quash was limited to statutory grounds set forth in La. C.Cr.P. art. 578 *et seq*. Mr. Vernon did not claim a violation of his constitutional right to a speedy trial. Therefore, we pretermit discussion of this issue raised in the State's appellate brief.

State's suspension argument was not considered by the trial court.

■ When a defendant files a motion to quash based on prescription, the state bears a heavy burden to demonstrate either an interruption or a suspension of the time limit has occurred. La. C.Cr.P. art. 577. The sole basis for the State's opposition to the motion to quash was Mr. Vernon's failure to appear in court and the interruption of the time limitations to commence trial. Appellate courts generally will not consider a new basis for an objection raised for the first time on appeal. *State v. Butler*, 12–2359, p. 4 (La. 5/17/13), 117 So.3d 87, 89. It is true that there is no case law that categorically bars the State from pointing to facts discoverable on the face of the record to support its opposition. However, the basis for directing this Court's attention to those facts is different than the basis asserted in its written opposition and argued before the trial court. Further, the State does not address on appeal how the issue of suspension was preserved for review on appeal.

In *State v. Wagster*, the Louisiana Supreme Court observed "that it is ordinarily incumbent upon the proponent of a motion to move for a hearing date on that motion. Otherwise it may be considered that the motion has been abandoned." *Id.*, 361 So.2d 849, 856 (La. 1978); *State v. Griffin*, 540 So.2d 1144, 1147 (La. App. 1st Cir. 1989) (finding on appeal that defendant's motion was abandoned where defendant failed to re-urge the motion at second trial). The pending motions were filed in 2012, and there is no evidence to suggest defense made efforts to obtain a hearing date. Additionally, at no time did defense re-urge the motions. In that Mr. Vernon or his counsel did not pursue the previously-filed motions, fundamental fairness dictates that the motions should not operate to suspend the time limitations to commence trial indefinitely.

■ Likewise, the State bears a heavy burden on a motion to quash to establish that an interruption or suspension of the time limitations period has occurred. Jurisprudence shows that the purpose of requiring a party to make a contemporaneous objection and the grounds thereof is two-fold. First, it puts the trial judge on notice of an alleged irregularity so that he may cure the problem; and second, it prevents a party from "gambling on a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection." *State v. Santos*, 09–789, p. 8 (La.App. 5 Cir. 4/13/10), 40 So.3d 167, 172; *See also, State v. Kohler*, 434 So.2d 1110, 1121 (La. App. 1st Cir. 1983) (requiring a party to apprise the trial court of an alleged error and the grounds thereof on penalty of waiver on appeal is necessary to promote judicial efficiency); La. C.Cr.P. art. 841.

The State failed to assert, as a basis for its objection to the motion to quash, that the preliminary pleas suspended the time limitations period. In that the State failed to raise the issue of suspension, this Court concludes that the State intended to argue its objections based solely on La. C.Cr.P. art. 579. We find no reason to remand the case to allow the State a "second bite at the apple" to argue new grounds for denial of the motion to quash based on evidence which the State had available to it prior to the trial court hearing. Under these circumstances and in light of the trial court's discretion when ruling on a motion to quash, this Court will not consider the State's suspension argument as it is raised for the first time on appeal.

### La. C.Cr.P. art. 579—Interruption

Moreover, the State makes no appellate claim that the time limitations period was interrupted as it did in the trial court.

Instead, the State relegates its assignment of error on appeal to the claim that the time limitations period was suspended under La. C.Cr.P. art. 580. In that the State has not briefed or argued the time limitation period was interrupted on appeal, we deem the issue abandoned. Rule 2–12.4, Uniform Rules—Courts of Appeal; *State v. Batiste*, 561 So.2d 999, 1000 (La. App. 4th Cir. 1990) (citing *State v. Thomas*, 427 So.2d 428, 431 (La. 1982)); ("Assignments of error neither briefed [n]or argued are considered abandoned by this court"); *State v. Aaron*, 457 So.2d 863 (La. App. 3rd Cir. 1984).

█ Even if this Court was to consider the State's argument in the trial court, we find no abuse of the trial court's discretion. The State claimed Mr. Vernon's failure to appear in court at the August 16, 2012 pretrial conference interrupted the two-year time limitation.[4] Even so, Mr. Vernon averred that the surety's notice of his incarceration in Texas, which the State received in open court on November 14, 2012, ceased the interruption of the time limitation period. The State argued in response that despite receiving the surety's November 2012 notification the State did not receive notice as defined by La. C.Cr.P. art. 579(C)(1); therefore, the cause of the interruption did not cease in November 2012. In the alternative, the State claimed that the Mr. Vernon's appearance in open court on September 21, 2015, following his arrest on the trial court's *alias capias*, ceased interruption of the time limitation period and began to run anew.

The trial court found La. C.Cr.P. art. 579(C) was inapplicable because it was enacted in 2013, well after the State learned that Mr. Vernon was incarcerated in Texas and it reinstituted the charge against him. The trial court reasoned that interruption ceased when the State learned in November 2012 that Mr. Vernon was incarcerated in Texas; thus, the State had two years or until November 14, 2014, to bring Mr. Vernon to trial. This Court need not address the correctness of the trial court's finding that La. C.Cr.P. art. 579 does not apply in this case. For the reasons explained below, we find that regardless of whether this Court relies on former law or article 579, the interruption ceased when the State learned in November 2012 of Mr. Vernon's incarceration in Texas.

In *State v. Stewart*, this Court examined La. C.Cr.P. art. 579(C) within the context of a surety's notice of the defendant's subsequent incarceration. *Id.*, 15–0135, p. 18 (La.App. 4 Cir. 9/9/15), 176 So.3d 465, 475. This Court, interpreting the statutory language, determined that La. C.Cr.P. art. 579(C)(2) "does not indicate by whom notice of defendant's subsequent arrest must be made; rather, it suggests that any notice filed in the record suffices." *Id.*, 15–0135,p. 15, 176 So.3d at 473. The defendant's surety in *Stewart* filed into the record notice of the defendant's arrest. This Court determined that the surety's notice ceased the interruption and caused the time limitation for bringing him to trial to begin to run anew. *Id.* This Court held "the time limitation for bringing a defendant to trial begins to run anew upon an affirmative showing in the record of notice that a defendant has been 'subsequently arrested.'" *Id*, 15–0135,p. 15, 176 So.3d at 475.

---

4. The time limitation is deemed interrupted when "[t]he defendant fails to appear at any proceeding pursuant to actual notice, *proof of which appears in the record.*" La. C.Cr.P. art. 579(A)(3) (emphasis added). We note that although the July 30, 2012 docket master entry includes instructions to "Send Notices" of the August 16, 2012 court date, the record is devoid of proof of service of any future court date.

The surety's motion to set aside bond forfeiture is not contained in the record. However, the docket master indicates that on November 14, 2012, the surety informed the trial court and the State of Mr. Vernon's incarceration in Texas. The State also concedes in its February 2013 opposition to the surety's motion that Mr. Vernon was incarcerated in Texas at the time of the August 16, 2012 pre-trial conference. Similarly, the State does not dispute that in November 2012, as the docket master entry states, the surety provided notice to the trial court and the State of Mr. Vernon's incarceration in Texas. The July 2013 order of dismissal that Mr. Vernon attached to his motion to quash also shows that the State refused to extradite Mr. Vernon upon his completion of his sentence in Texas. Like the docket master entry, the State does not object to the accuracy of the Texas district court's order of dismissal. Moreover, the State does not dispute in its written opposition or on appeal that it was aware of the surety's notice or that one was provided. The State merely objects to the manner in which it received notice.

For these reasons, we find an affirmative showing in the record of notice that Mr. Vernon was subsequently arrested and incarcerated in Texas at the time of the August 16, 2012 pre-trial conference. Therefore, the interruption of the time limitations ceased when the surety notified the trial court and the State on November 14, 2012, that Mr. Vernon was incarcerated in Texas. The State then had two years or until November 14, 2014, to bring Mr. Vernon to trial. The State failed to take action during that time and allowed the charges to prescribe. Additionally, the State has made no showing that its failure to bring Mr. Vernon to trial within the two-year time limitation was due to the inability to obtain Mr. Vernon's presence by legal process or due to events beyond the State's control. Therefore, we find no error in the trial court's judgment.

## DECREE

In this case, the State failed to preserve, as a basis for its objection to Mr. Vernon's motion to quash, its argument that the time limitations period was suspended. Consequently, this Court will not consider the State's argument under La.C.Cr.P. art. 580 as it is raised for the first time on appeal. We also find the State abandoned on appeal its argument in the trial court that the time limitations period was interrupted pursuant to La. C.Cr.P. art. 579. While we deem the interruption issue abandoned, the record demonstrates an affirmative showing that the State received notice of Mr. Vernon's incarceration in Texas in November 2012. Upon learning of Mr. Vernon's incarceration in Texas, the interruption of the time period for commencing prosecution under La. C.Cr.P. art. 579 ceased. The State had until November 14, 2014 to commence prosecution against Mr. Vernon. The State failed to take any action during that time and allowed the charges against him to prescribe. Therefore, the trial court did not abuse its discretion in granting Mr. Vernon's motion to quash. The trial court's judgment is affirmed.

**AFFIRMED**

BONIN, J., CONCURS IN THE RESULT ONLY.