ON WRIT OF CERTIORARI TO THE THIRD CIRCUIT COURT OF APPEAL, PARISH OF IBERIA PER CURIAM: | /Writ granted. Defendant was stopped in traffic after' an officer saw her veer across the fog line and then determinéd that her license plate was registered to a different vehicle. Defendant did not have a driver’s license with her and' the officer discovered that she had an outstanding warrant for failure to pay child support. After the officer announced his intent to search the vehicle arid inquired aborit contraband, defendant admitted she had Su-boxone in her purse: After he seized the Suboxone, the officer arrested defendant, Mirandized her, and searched the vehicle. The court of appeal found the trial court erred in denying defendant’s motion to suppress the Suboxone found in defendant’s purse. State v. Owens, 17-0369 (La. App. 3 Cir. 6/15/17) (unpub’d). The court of appeal found the search was not incident to arrest, the officer did not obtain the defendant’s consent to search, and the officer did not Mirandize her. until after he asked whether she had any contraband in the vehicle or on her person. Judge Saunders dissented that the search was valid because it was incident to arrest. We agree. | ¿There is no question the traffic stop here was lawful. While conducting the traffic stop, the officer discovered an outstanding warrant. The officer’s decision to run the warrant check was a “negligibly burdensome precautiofn]” for officer safety. Rodriguez v. United States, 575 U.S. -, -, 135 S.Ct. 1609, 1616, 191 L.Ed.2d 492 (2015). Furthermore, “[a] warrant is a judicial maridate to an officer to conduct a search or make an arrest, and the officer has a sworn duty to carry out its provisions.” United States v. Leon, 468 U.S. 897, 920 n.21, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677 (1984) (internal quotation marks omitted). Once the officer was authorized to arrest defendant, it was uridis-putedly lawful to search her as an incident of the arrest. See Arizona v. Gant, 556 U.S. 332, 339, 129 S.Ct. 1710, 1716-17, 173 L.Ed.2d 485 (2009) (explaining the permissible scope of searches incident to arrest); see also State v. Butler, 12-2359, p. 5 (La. 5/17/13), 117 So.3d 87, 89-90 (per curiam) (finding defendant could be searched after he was seen riding his bicycle on the sidewalk, which municipal ordinance violation rendered him subject to arrest). Furthermore, where the formal arrest followed quickly on the heels of the challenged search, it is “not ... particularly important that the search preceded the arrest rather than vice versa.” Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980). Therefore, we reverse the court of appeal, reinstate the trial court’s ruling denying defendant’s motion to suppress, and remand to the trial court for further proceedings. REVERSED AND REMANDED Hughes, J., dissents.and assigns reasons.