PER CURIAM:
*974 Writ granted. The district court's ruling that granted defendant's motion to suppress cocaine, methamphetamine, and drug paraphernalia found in defendant's possession is reversed and the matter is remanded for further proceedings. The officers observed defendant in apparent violation of Section 54-401(a) of the Municipal Code. While the officers may have had no actual subjective intent to arrest defendant for obstructing the sidewalk in violation of the city ordinance, the officers were entitled to search defendant after observing him commit a misdemeanor offense in their presence and then arrest him, albeit not for the offense for which they initially had probable cause. See State v. Butler , 12-2359 (La. 5/17/13), 117 So.3d 87.
REVERSED AND REMANDED
JOHNSON, C.J., would deny.
CRICHTON, J., would deny and assigns reasons
GENOVESE, J., would deny for the reasons assigned by Justice Crichton
CRICHTON, J., would deny and assigns reasons:
I disagree with the majority and would deny this writ application. Defendant sat on a stoop in the French Quarter with his legs extended onto the sidewalk, but pedestrians were nonetheless able to use the sidewalk and pass by him. Under a broad reading of State v. Butler , 12-2359 (La. 5/17/13), 117 So.3d 87, this Court finds that trivial conduct rendered the defendant in this instance vulnerable to being stopped and searched by police. The Orleans Municipal Code provides a plethora of similar minor misdeeds that, under a broad interpretation of Butler , could cause any citizen subject to being apprehended by police and searched. In my view, today's ruling skirts the line of what is reasonable under the Fourth Amendment.