**STATE OF LOUISIANA**     \*     **NO. 2020-K-0088**

**VERSUS**     \*

    **COURT OF APPEAL**

**ROLAND FERRAND**     \*

    **FOURTH CIRCUIT**

    \*

    **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

ON APPLICATION FOR REHEARING
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 547-119, SECTION "I"
Honorable Karen K. Herman, Judge
\* \* \* \* \* \*
**Judge Terri F. Love**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay, III, Judge Terri F. Love, Judge Edwin A. Lombard)


Leon A. Cannizaro, Jr.
District Attorney
Kyle Daly
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119


       COUNSEL FOR THE STATE OF LOUISIANA


Sarah O'Brien, Esq.
2601 Tulane Avenue, Ste. 700
New Orleans, LA 70119

       COUNSEL FOR THE DEFENDANT


       **REHEARING GRANTED FOR CLARIFICATION ONLY**


       **MAY 27, 2020**

*TFL, JFM, EAL*

The State seeks rehearing of this Court's February 10, 2020 writ disposition and asks this Court to identify which of Mr. Ferrand's statements the trial court should have suppressed. In that the State erroneously seeks to raise new issues it failed to present to the trial court, we grant rehearing for the limited purpose of clarifying our prior writ disposition as it pertains to what issues were raised, and addressed by this Court, on supervisory review.

The State claims on rehearing that the trial court could interpret our writ disposition as having determined that "all of [Mr. Ferrand's] statements should be suppressed, regardless of whether they were the product of custodial interrogation." In support, the State alleges whether some or all of Mr. Ferrand's statements are admissible involves issues "beyond the substance of the *Miranda* warning, including at what point [Mr. Ferrand] was in custody for purposes of *Miranda*, and which of [his] statements were actually the product of interrogation."

Our writ disposition focuses strictly on what issues were presented to the trial court for consideration on the motion to suppress. The sole issue raised in the trial court, and on supervisory review, was the sufficiency of the *Miranda* warning. Notably, the writ disposition does not address issues of custodial interrogation because those issues were not raised in the trial court.

1

At the hearing in which Officer Williams testified, the only mention of statements Mr. Ferrand allegedly made was within the context of police questioning following the deficient *Miranda* warning. The State failed to elicit any testimony from the police officer that would lend itself to a discussion of custodial interrogation. At no point during the hearing or in any subsequent argument before the trial court did the State challenge whether the conditions were sufficient to trigger a *Miranda* warning. Nor did the State contest the fact that Mr. Ferrand was in custody prior to questioning.

It is well-established that to preserve an issue for supervisory review, a party must raise the issue in a manner that affords the trial court an opportunity to consider the issue and rule on it.[1] Thus, a party is limited on supervisory review to those grounds that he articulated in the trial court. The sole basis for the State's objection to the motion to suppress was that the *Miranda* warning was sufficient.[2] Therefore, the State was limited on supervisory review to those grounds that it asserted in the trial court. However, in the opposition to the writ and motion to supplement the record with the entirety of the body-camera footage, the State asserted new grounds for denial of the motion to suppress for the first time on supervisory review.

In *State v. Vernon*, 16-0692 (La. App. 4 Cir. 12/21/16), 207 So.3d 525, the State articulated new grounds based on suspension for the denial of a motion to quash for the first time on appeal. This Court determined the issue was not properly preserved for appeal, explaining:

> Appellate courts generally will not consider a new basis for an objection raised for the first time on appeal. *State v. Butler*, 12–2359, p. 4 (La. 5/17/13), 117 So.3d 87, 89. It is true that there is no case law that categorically bars the State from pointing to facts discoverable on the face of the record to support its opposition. However, the basis for directing this Court's attention to those facts is different than the basis asserted in its written opposition and argued before the trial court. Further, the State does

---

[1] *See* La. C.Cr.P. art. 841(A); *State v. Marlowe*, 10-1116, p. 35-36 (La. App. 4 Cir. 12/22/11), 81 So.3d 944, 966 (noting that the contemporaneous objection rule serves two purposes: "(1) to put the trial court on notice of the alleged irregularity or error, so that the court can cure the error; and (2) to prevent a party from gambling for a favorable outcome and then appealing on errors that could have been addressed by an objection if the outcome is not as hoped").

[2] While we find the trial court erred in its ultimate determination, as stated in our prior writ disposition, the trial court's oral reasons reflect its adoption of the State's singular basis for denying Mr. Ferrand's motion to suppress.

2

not address on appeal how the issue of suspension was preserved for review on appeal.

*Id.*, 16-0692, p. 7, 207 So.3d at 529.

Similarly, the State's motion to supplement urged this Court to consider the entirety of the body-camera footage in its review of the writ application. The State asserted, in its motion and now on rehearing, that the writ application involved a multitude of factual and legal issues including "(1) whether Defendant was actually in custody for purposes of *Miranda* at the time of his statements, (2), whether those *Miranda* warnings were faulty, and (3), whether some or all of Defendant's statements were actually a product of custodial interrogation." The State's basis for directing this Court's attention to the body-camera footage is different from the basis asserted in its written opposition to this Court and argued before the trial court. The State now maintains that review of the entirety of the body-camera footage depicts voluntary and/or spontaneous statements, which were not the product of custodial interrogation. These claims constitute new legal and factual arguments, which the State presents for the first time on supervisory review. Therefore, this Court's writ disposition did not address them.

At the hearing on a defendant's motion to suppress, the State bears the burden of proving that a defendant's inculpatory statement is admissible at trial. For that reason, it is incumbent on the State to raise all related arguments on a legal question, particularly when those arguments are based on evidence in the State's possession prior to the hearing on the motion. Under these circumstances and in light of the trial court's gatekeeping functions in determining the admissibility of the evidence, this Court will not consider the State's challenge to custody in this instance, as it is raised for the first time on supervisory review. Accordingly, we grant rehearing for clarification purposes only. In all other respects, the February 10, 2020 writ disposition remains unchanged.

**REHEARING GRANTED FOR CLARIFICATION ONLY**

3